## McLEMORE *vs.* COLE, GARNISHEE.

[ATTACHMENT COMMENCED BY GARNISHMENT.]

1. *General order No. 13, of Gen. Swayne ; authorizes a garnishment.*—An attachment issued under "General Order No. 13," issued by General Swayne, dated November 7th, 1867, may be executed by summoning any one having in his possession the property subject to the lien given by the order.

APPEAL from the City Court of Montgomery.

Tried before SAMUEL F. RICE, esq., an attorney of the court, under § 758 of Revised Code.

THE facts of the case are set out in the opinion. The following is the order referred to :

" Headquarters District of Alabama, Montgomery, Alabama, November 7th, 1867—General Orders No. 13. In order to secure to agricultural laborers in this State payment for the labor of this year, a lien is hereby created in their favor upon the crop grown upon the farms on which they are respectively employed ; said lien attaches from this date, and is subordinate to prior liens. This lien will be recognized by the several courts and magistrates of this State, and will be enforced by attachment, to be issued by any judge, clerk of a court of record, or justice of the peace. In case the amount claimed to be due is one hundred dollars or less, it shall be returnable before a justice of the county, and when it exceeds one hundred dollars, it shall be returnable before a court of record having jurisdiction of such cases. Such attachment will be issued when any part of the crop shall hereafter be removed, or be about to be removed without payment of the wages, and without the consent of the laborer. Affidavit being made of either of the facts above recited, and of the amount of wages due, or to become due, for his share of the crop, and bond being given as in other cases of attachments, the attachment shall at once issue to the proper officer to be

levied on, or so much of the crop produced on the planta-tion as shall be sufficient to supply the demand ; but in case the plaintiff shall swear in his affidavit that he is un-able to give security on the bond, then the attachment shall issue without any security on the bond. The attachment suit shall be triable at the first term of the court, after the execution and return of the writ of attachment, and any number of laborers on a plantation may join in one suit.

By command of

Brevet Maj. Gen. WAGER SWAYNE.

S. C. GREENE, Captain 25th Infantry, Brevet Maj. U. S. A., A. D. C. & A. A. A. G."

·B. McKINNE, and WATTS & TROY, for appellant.

STONE, CLOPTON & CLANTON, *contra.*

[No briefs came into reporter's hands.]

B. F. SAFFOLD, J.—The appellant sued out an attach-ment against the appellee, Marshall, to be levied on the crop of said Marshall, made during the year 1867, under General Order No. 13, issued by Gen. Swayne, then military governor of Alabama, on the 7th of November, 1867. The attachment was levied by summoning the appellee, Cole, to answer as garnishee. The answer of the garnishee was controverted. An issue was made up and tried by jury, and a verdict rendered against the garnishee. The verdict determined that he had in his possession a portion of the crop of the defendant Marshall, made in the year 1867, exceeding any claim he had on Marshall, to the amount of fifteen hundred dollars. The garnishee then moved, in arrest of judgment, that order No. 13 did not authorize a garnishment. The motion was sustained by the court, and this ruling is now assigned as error.

The order, which may be found in the acts of the legis-lature of 1868, p. 252, gives to the agricultural laborer a lien for his wages for the year 1867, on the crop of that year which he assisted in making, and directs its enforce-ment by attachment. The attachment is to be levied on the crop, or so much of it as may be necessary. It is to

be issued whenever the crop has been removed, or is about to be removed, without payment of the wages, or without the consent of the laborer. One of the modes of levying an attachment, is summoning some person indebted to, or having in his possession, or under his control, property belonging to the defendant.—Revised Code, § 2943. As the purpose of this order was to give a lien on the crop, and an attachment to enforce it, it follows that the property to which the lien has attached can be pursued into the possession of any holder, but the remedy can not apply to any other property, debt, or obligation. The summons to the garnishee was a levy of the attachment on the crop which was liable, if in his possession.—*Exr's of Tellinghast v. Johnson, use, &c.,* 5 Ala. 514 ; *Thompson v. Allen,* 4 Stew & Port. 184; *Carey v. Gregg,* 3 Stew. 433; *Cleaveland v. The State,* 34 Ala. 258 ; Drake on Attachment, § 453.

The judgment is reversed and the cause remanded.