# Barber *v.* Ferrill *et al.*

## *Action on Garnishment Bond.*

1. *Demurrer; must state grounds distinctly.*—A demurrer can not be allowed if the grounds upon which it is based are not distinctly stated.

2. *Garnishment bond; action on, maintained before or after original suit.* A garnishment sued out, under section 2802, Revised Code, after suit commenced by summons and complaint, is auxiliary to the original suit, possessing the properties of an ancillary attachment, and the defendant in the original suit may maintain an action on the garnishment bond at any time before, as well as after, the determination of the main cause.

3. *Same; what proper condition of bond.*—The garnishment bond in such a case is properly conditioned to prosecute the original suit to effect and pay the defendant all such damages and costs as he may sustain by the wrongful or vexatious suing out of the garnishment.

APPEAL from Circuit Court of Crenshaw.

Tried before the Hon. P. O. HARPER.

This suit was brought to recover damages for the breach of a bond given under section 2892 of the Revised Code, authorizing creditors who have commenced suit by summons and complaint to garnishee any person supposed to be indebted to defendant on affidavit of the amount due, and by giving bond as in attachment cases. Action was brought before the determination of the suit in which the garnishment was issued. "The condition of the bond (sued upon) is such, that whereas the above bound George A. Ferrill has commenced suit in the Circuit Court of said county, by summons and complaint returnable to the next term of said court, to recover of said Jared P. Barber the sum of six hundred and fifty-three dollars, and has, on the day of the date hereof, prayed that suit of garnishment issue out of said court to G. W. T., D. A. R., O. S. J., A. A. B., J. D. C. and P. P. B., summoning them to answer what they are indebted to said defendant, or what effects of said defendant they have in their possession or under their control, and said plaintiff having made oath as required by law in such cases, said writ is about to issue out of said court, returnable to the next term of the Circuit Court to be holden for said county. *Now, if the said plaintiff shall prosecute his said suit to effect, and pay defendant all such damages and costs as he may sustain by the wrongful or vexatious suing out of this garnishment, then this obligation to be void, otherwise to remain*

[Barber v. Ferrill et al.]

*in full force and effect.*" The defendant demurred to the complaint, *first*, "because no ground of action is shown therein;" *second*, "because there is no authority in law for bringing such suit until the determination of the original garnishment suits." The court sustained the demurrer, and the appellant now assigns such ruling as error.

W. D. ROBERTS, for appellant. (No brief came to the Reporter.)

WM. R. HOUGHTON and R. M. WILLIAMSON, *contra.* 1. The statute says the garnishment bond must be the same in attachment cases.—Revised Code, § 2892. But it gives no right to sue on the bond before the termination of the garnishment suit, as is given in cases of attachment.—Rev. Code, § 2992. The complaint nowhere sets out or alleges that the garnishment suit had been terminated, and consequently no breach of the condition of the bond is assigned, and the court did not err in sustaining the demurrer.—8 Ala. 733 ; 2 Ala. 425. If a good breach be not assigned, the defendant may demur generally to it, and on demurrer the court will consider the whole record and give judgment for the party entitled to it.—*Ansly v. Mock*, 8 Ala. 444. 2. The bond in this case is not a statutory bond, and the statutory remedy cannot be resorted to.—19 Ala. 344. While a proper recovery could be had on such bond, yet no suit can be commenced until the termination of the original suit.

STONE, J.—1. Demurrers, under our statute, must be to matters of substance, and such matter of substance must be specified. Objections, not distinctly stated in the demurrer, are not allowed.—Revised Code, § 2656 ; 2 Brick. Dig. 346–7, §§ 275, 277, 279, 280, 281, 283, 285.

2. There is only one ground of demurrer specified in this case, namely, that the suit is prematurely brought, being brought before the determination of the cause in which the bond was executed. We think this ground not well taken. Garnishment, under our statute, is but a species of attachment ; or, in some cases, a mode of levying an attachment. See Drake on Attachments, §§ 452–3 ; *McLemore v. Cole*, 43 Ala. 620. When the writ is sued out, as in this case, under the amendment of February 5, 1858, of section 2892 of the Revised Code (see Pamph. Acts 1857–8, 36), it has the properties of an ancillary attachment. It is auxiliary to the suit by summons and complaint, and is only allowable when

[Dane et al. v. McArthur.]

oath is made by the creditor, his agent or attorney, "that he believes process of garnishment against [the person supposed to be indebted] is necessary to obtain satisfaction" of the claim sued on. The plaintiff in such suit must give "bond as in attachment cases." The substance of the bond required in attachment cases is expressed in section 2931 of Revised Code. In garnishment causes the plaintiff is liable for such damages as the defendant in the suit (not the garnishee) "may sustain from the wrongful or vexatious suing out such" garnishment. If there be no ground for the process of garnishment, then the condition of the bond is broken, and the bondsmen are liable for the actual damages caused by its issue. If the resort to this process be vexatious as well as wrongful, then vindictive or exemplary damages may be recovered. We hold that such bond as this is suable "before or after the suit is determined," under section 2992 of the Revised Code.

3. We think the condition of the bond in this case substantially conforms to the requirements of the statute. It rightly employs the word *garnishment*, given in section 2931 Revised Code. This is a proceeding by garnishment; and the bond is, in this respect, strictly correct.

We will not inquire whether the counts, which have the form of amended complaints, were allowed by the court or not. Nor will we inquire as to the sufficiency of the breaches assigned. None of these questions seem to have been raised in the court below. If necessary, proper orders can be made in regard to them, when the case returns to the Circuit Court.

Reversed and remanded.