# Southern Railway Co. *v.* Riddle.

*Action to recover Damages for Negligent Killing of Stock.*

1. *Action against railroad company for killing stock; when general affirmative charge properly refused.*—In an action against a railroad company to recover damages for the alleged negligent killing of plaintiff's stock, where there is a material conflict in the evidence, having a bearing on the question as to whether there was the exercise of due care on the part of defendant's employes in keeping a lookout and as to where and how the killing of the stock occurred, and general affirmative charge in behalf of either of the parties to the suit is properly refused.

2. *Same; charge to the jury.*—In such a case, a charge is properly refused which instructs the jury that "Railroad employes are not required to attempt the impossible, and if you believe that the cow came on the track suddenly and so close to the train that the use of preventive effort could not have avoided the injury, then you must find for the defendant whether the engineer reversed his engine or not;" such charge ignoring the duty of the engineer to keep a proper lookout for obstructions on the track and of the duty imposed when cattle are seen in close proximity to the track.

3. *Same; same; burden of proof.*—In such a case, a charge which instructs the jury that "the burden of proof is on the plaintiff in this case to establish to the satisfaction of the jury by a preponderance of the evidence that the railroad company was guilty of negligence," is erroneous and properly refused, in that it exacts too high a degree of proof; all that is necessary is that the evidence should *reasonably* satisfy the jury of the existence of negligence.

4. *Abstract and misleading charges* are properly refused.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. J. A. BILBRO.

The appellee, J. S. Riddle, brought the present action against the Southern Railway Company, to recover damages for the alleged negligent killing of a cow, the prop-

erty of the plaintiff, by being run over by a train operated on the defendant's road. The cause was tried upon issue joined on the plea of not guilty.

The plaintiff introduced evidence tending to show that the cow was killed by a train operated by the defendant on its railroad. None of the witnesses examined in behalf of the plaintiff saw the accident or testified to any of the facts or circumstances thereof. The engineer who was in charge of the engine that ran over the cow and the fireman who was on the same engine testified that the cow came so suddenly upon the track that it was impossible to avert the accident; that the cow could not be seen until it got upon the track, by reason of there being a curve in the road and that the cow was killed "at the elbow in the curve." The engineer testified that after he discovered the cow, he did all in his power to avert the accident; that he blew the whistle and applied the brakes and did everything known to skillful engineers to avoid the accident, but by reason of the train being so close to the cow when she came upon the track that it was impossible to avoid killing her. This testimony was corroborated by the fireman.

The plaintiff, as a witness in rebuttal, testified to facts tending to show that the cow was struck 100 yards above the curve.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them asked: (1.) "If the jury believe the evidence, they must find for the defendant." (2.) "Railroad employes are not required to attempt the impossible, and if you believe that the cow came on the track suddenly and so close to the train that the use of preventive effort could not have avoided the injury, then you must find for the defendant, whether the engineer reversed his engine or not." (3.) "The burden of proof is on the plaintiff in this case to establish to the satisfaction of the jury by a preponderance of the evidence that the railroad company was guilty of negligence." (4.) "The burden of proof is on the

plaintiff to prove to the reasonable satisfaction of the jury that defendant's engineer and fireman were not keeping such a lookout as they could have done consistent with their other duties, if this is relied on as the only ground of recovery, the jury should find for the defendant." (7.) "The engineer is not required to neglect his other duties to keep a lookout for stock. He is only required to keep such lookout as is reasonably consistent with his other duties, and if he did this, and the fireman did the same thing, and they discovered this cow as soon as their other duties permitted, and they did all that they reasonably could to prevent this injury, defendants are not liable." There were other charges requested by the defendant which were given by the court.

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the rulings of the trial court to which exceptions were reserved.

HUMES, SHEFFEY & SPEAKE, for appellant, cited *L. & N. R. R. Co. v. Hembree*, 85 Ala. 481; *E. T. V. & G. R. R. Co. v. Deaver*, 79 Ala. 216; *A. G. S. R. R. Co. v. McAlpine*, 80 Ala. 73; *M. & G. R. R. Co. v. Caldwell*, 83 Ala. 96; *Ga. Pac. R. Co. v. Hughes*, 87 Ala. 615; *Choate v. Southern R. Co.*, 118 Ala. 544.

No counsel marked as appearing for appellee.

DOWDELL, J.—There was a material conflict in the evidence as to the place at which the cow was killed. The evidence on the part of the defendant being that the cow was killed at the elbow in the curve of the road, where the cow could not be seen by the engineer until it was too late to avert the injury by preventive effort on the part of defendant's agent; the evidence of plaintiff tended to show that the cow was struck one hundred yards above the curve. This had its bearing, upon the testimony of defendant's engineer and fireman as to facts testified to by these two witnesses as to the exercise of due care in keeping a lookout as well as to how the injury occurred, and was properly left to the consideration and determination of the jury. There

was no error in refusing the affirmative charge requested by the defendant.

Charge 2 requested by the defendant is faulty in that it ignores the duty of keeping a proper lookout for obstructions on the track and of the duty imposed when cattle are seen in dangerous proximity, or could have been so seen by maintaining a proper lookout.

Charge 3 is faulty in that it exacts too high a degree of proof. To *reasonably* satisfy the jury is the measure of proof required by the law.—*Moore v. Heineke*, 119 Ala. 627, 639; *Torrey v. Burney*, 113 Ala. 496; *Prince v. State*, 100 Ala. 146.

Charge 4 is abstract and misleading. There is no evidence that the fact hypothesized in this charge, that is, of a failure to keep a lookout, was the only thing relied on for a recovery. This charge was clearly misleading in its tendencies, and was properly refused.

The remaining charge No. 7 refused to the defendant was calculated to mislead in confining the duty of keeping a lookout to the engineer. Moreover, every benefit to which the defendant was entitled embraced in the legal proposition as to the duty of maintaining a proper lookout was covered by written charge No. 5 given at the request of the defendant. There is no error in the record.

Judgment of circuit court is affirmed.