# Alsop *v.* Lidden.

*Action to recover Damages for Wrongfully and Maliciously suing out Writ of Attachment.*

1. *Action for maliciously suing out writ of attachment; not necessary that the attachment suit should be terminated; sufficiency of complaint.*—In order to maintain an action for wrongfully and maliciously suing out a writ of attachment,

[Alsop v. Lidden.]

it is not necessary that the attachment suit should have been terminated and disposed of; and a complaint is not demurrable for failure to aver the termination and disposal of the attachment suit.

2. *Same; admissibility of evidence.*—In an action to recover damages for wrongfully and maliciously suing out a writ of attachment, it is not competent to prove instructions given by the plaintiff in attachment (the defendant in the pending suit) to the officer charged with the duty of levying the writ, which instructions are given after the writ has been issued.

3. *Action for maliciously suing out writ of attachment; when general affirmative charge improperly given.*—In an action to recover damages for maliciously suing out a writ of attachment, where the evidence for the plaintiff tends to show that neither the ground stated in the affidavit nor any other ground existed for the suing out of the attachment the general affirmative charge for the defendant should not be given, but it should be left to the jury to determine (1) whether the attachment was wrongfully sued out; (2) whether it was maliciously sued out; and, (3), whether it was sued out without probable cause.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. J. C. RICHARDSON.

This action was brought by the appellant, O. Alsop, against the appellee, F. B. Lidden, to recover damages for the wrongful and malicious suing out of an attachment by the defendant against the plaintiff, which attachment was levied upon the goods of the plaintiff. The complaint as amended contained four counts. In each of the counts it was alleged "that the defendant on December 28, 1898, in behalf of the firm of F. B. Lidden & Co., a partnership of which the defendant was a member, made affidavit before a justice of the peace, upon which a writ of attachment was sued out and levied upon the property and personal effects of the plaintiff; that in said affidavit it was stated that the plaintiff in the present suit had money, property or effects liable to satisfy the debt of the plaintiff in attachment, which he fraudulently withheld, and that this was the ground upon which the writ of attachment was issued. It was then averred that upon the date said attachment was sued out, the plaintiff who was the defendant in attachment had no money, property or effects liable to satisfy

his debts, which he fraudulently withheld, and that no ground in fact existed for the suing out of the attachment against him; that said attachment was wrongfully sued out by the defendant in the present suit, who was the plaintiff in the attachment suit, and without probable cause; that by reason of the issuance and levy of said attachment a great deal of damage was done to the reputation of the plaintiff, etc., wherefore he sued.     The third count of the complaint contained substantially the same averments, except that it contained the further averment that prior to the commencement of the present suit the attachmen suit of F. B. Lidden & Co. against the present defendant was terminated and disposed of. The defendant demurred to the first, second and fourth grounds of the complaint, among others, upon the ground that it was neither alleged nor shown in either of said counts that the attachment suit had been terminated and disposed of.  This demurrer was sustained and to this ruling the plaintiff duly excepted.     The demurrers interposed to the third count were overruled, and issue was joined on the plea of the general issue.

On the trial of the cause there was introduced in evidence an affidavit made by the defendant Lidden, in which he stated that O. Alsop had money, property or effects liable to satisfy his debts, which he fraudulently withheld.  The bond for the attachment and the writ of attachment with the return thereon, showing that it had been levied upon personal effects and household furniture of the plaintiff in the present suit were introduced in evidence.

The evidence showed that Alsop was indebted to Lidden & Co., which indebtedness was evidenced by a promissory note; that he lived in Gordon, Alabama, and had lived there for several years; that on the day the attachment was sued out and levied upon his property, he was preparing to move his family to Brewton, Alabama; that he had carried his household furniture and effects to the depot for the purpose of having them shipped to Brewton; that on the morning of the day the attachment was sued out, he went to the store of Lidden & Co., and telling them that he expected to move from Gordon, said that he wished to pay them his indebted-

ness and asked for his note. The defendant in the present suit, with whom Alsop was talking, was unable to find the note, but offered to give the plaintiff a receipt in full for his indebtedness, and also to give him a bond with good security to hold him harmless from any further payment upon said note. The plaintiff Alsop declined to agree to this, and said that he would not pay the amount due upon said note if the note was not surrendered to him, unless his attorney whom he would consult, advised him to the contrary. Thereupon the defendant stated to him that if he did not pay the amount due upon the note at once, he would have his household furniture and his personal effects levied upon under a writ of attachment before he left Gordon. The plaintiff then went to consult his attorney, who was in Columbia, a distance of eleven miles from Gordon. While the plaintiff Alsop was away from Gordon, the defendant made an affidavit and sued out the writ of attachment which was levied upon his household furniture,etc. Upon the plaintiff's return to Gordon in the afternoon he went to the store of the defendant's firm and offered to pay and did pay to them the amount of the note, taking their receipt therefor. The defendant then told the plaintiff that he had sued out a writ of attachment and had it levied upon his property, but that he, the defendant, would order the constable who had levied the said attachment to dismiss the levy, and this was done.

During the examination of the constable who had levied the writ of attachment upon plaintiff's furniture and other personal property, he was asked by the defendant the following question: "What did Lidden tell you about levying the attachment before the same was levied?" The plaintiff objected to this question upon the ground that it called for illegal and irrelevant evidence, and that it called for the declaration of the defendant after the attachment had been issued, which declaration was made in the absence of the plaintiff. The court overruled the objection and the plaintiff duly excepted. The witness answered that the defendant instructed him not to levy the writ of attachment if the plaintiff would pay the debt for which the attachment

was issued. The plaintiff moved the court to exclude this answer, upon the same ground as the objection to the question was based. The court overruled the motion, and the defendant duly excepted.

The court at the request of the defendant gave the general affirmative charge in his behalf, and to the giving of this charge the plaintiff duly excepted. There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

W. W. SANDERS and G. L. COMER, for appellant.—It has been decided by this court that it is not incumbent upon the plaintiff to await the termination of the attachment suit, before commencing his action for the malicious abuse of the process.—*Brown v. Master*, 104 Ala. 451. See also *Kirksey v. Jones*, 7 Ala. 622; *Donnell v. Jones*, 13 Ala. 490.

ESPY, FARMER & ESPY and H. A. PEARCE, *contra.*—In actions of this character the original suit must have terminated before an action for a maliciously resorting to attachment process can be maintained. All the authorities agree on this proposition.—*Rear v. Lewis*, Minor, 382; *Tatum v. Morris*, 19 Ala. 302; *Couch v. McKellar*, 34 Ala. 336; 2 Rice on Evidence, § 106. The general affirmative charge is properly given at the request of the defendants.—*Hart v. Sharpston*, 27 So. Rep. 450; *Parer v. Boyd*, 122 Ala. 529; *Beall v. Folmar*, 122 Ala. 414; *Jones v. Capital Ins. Co.*, 122 Ala. 421; *Booth v. Dexter Co.*, 119 Ala. 369; *Pelican Ins. Co. v. Smith*, 92 Ala. 428; *Owen v. Binsford*, 84 Ala. 441.

TYSON, J.—In *Brown v. Master*, 104 Ala. 463, it was said: "The wrongfulness of the issuance of the writ (of attachment) would at common law have to be shown by the record of the attachment proceeding, disclosing a determination of that suit against the plaintiff therein. But under our statute the defendant in attachment cannot 'deny or put in issue the cause for which the attachment issued.'—Code, § 2999 [§ 565 of Code of 1896]—and it follows that the non-existence of

a statutory ground for issuance of the attachment may be, indeed has to be, shown by matter *de hors* the record. It would seem also to result from the consideration just adverted to, that a suit for the malicious prosecution of an attachment suit may be instituted pending such prosecution, since no question involved in the attachment proceeding can be of any moment in the action on the case for malicious prosecution." The foregoing extract succinctly and clearly, and we think correctly, states the rule that under the statute, the attachment suit need not be terminated in order to entitle the plaintiff to maintain this action. This is decisive of the unsoundness of that assignment of the demurrer predicated upon the failure of the counts to aver a termination of the attachment suit, etc. The other grounds of the demurrer are not insisted upon as being meritorious, and, in fact, none of them are.

The statement, or rather the instruction, given by the plaintiff in attachment to the constable who levied the writ, was clearly inadmissable. It was not a part of the *res gestae* of the delivery of the writ, nor of the *res gestae* of any other act pertinent to any inquiry involved in the determination by the jury; but was manifestly within the rule forbidding a party from introducing his own declarations in evidence.

We cannot assent to the proposition that notwithstanding these errors, the appellant was not injured. This insistence is based upon the assertion that no malice was proven and no want of probable cause was shown by the evidence. Under the plaintiff's evidence no ground existed for the suing out of the attachment. It is true, he admitted owing the debt. But having a debt, did not authorize the attachment. Nor need the plaintiff in attachment have entertained personal ill will towards the defendant, or a desire for revenge, or other base and malignant passion to have made his act malicious. Whatever is done willfully and purposely, whether the motive be to injure the defendant, to gain some advantage to himself or through mere wantonness or carelessness, if it be at the same time wrong and unlawful within the knowledge of the actor, is in legal contemplation maliciously done.

Probable cause is such a state of facts and circumstances as would lead a man of ordinary caution and prudence acting conscientiously, impartially, reasonably, and without prejudice, to believe that some one of the grounds for the suing out the writ existed. And in deciding upon the existence of probable cause, the plaintiff's belief in the existence of a ground for the attachment cannot be considered; nor the existence of such facts as might have influenced his judgment; but the test is, the effect they might have upon the judgment of ordinarily prudent and reasonable men. These definitions exclude all idea, that mere suspicions and belief, however honestly and intensely entertained, unsupported by facts known to the plaintiff in attachment, which would have justified reasonable and cautious men in believing the defendant had been guilty of some act creating a ground of attachment, constitute probable cause. "A party may in extreme eagerness to collect a debt or to obtain security for it, without probable cause resort to an attachment; and the absence of probable cause, coupled with the unlawful act of suing out the writ, is a vexatious and *malicious* abuse of the process." *Durr v. Jackson*, 59 Ala. 210. "Malice may sometimes be inferred from the want of probable cause."—*Jordan v. Railroad Co.*, 81 Ala. 226.

Under the evidence in this case, (1) whether the attachment was wrongfully sued out, (2) whether it was maliciously sued out, and (3) whether sued out without probable cause, is a question peculiarly for the determination of the jury.—*Lunsford v. Dietrich*, 93 Ala. 565, and cases cited.

Reversed and remanded.