# Goldstein *v.* Drysdale.

*Action for Wrongfully and Maliciously Suing Out Attachment.*

(Decided Nov. 27th, 1906.   42 So. Rep. 744.)

1. *Attachment; Wrongful Attachment; Issue and Proof.*—One suing on the case for wrongfully, maliciously and without probable cause procuring an attachment, must show that it was done wrongfully, maliciously and without probable cause, and cannot recover on the mere showing that the attachment was wrongfully sued out.

2. *Judgment; Res Adjudicata; Attachment Proceedings.*—Where there was judgment in favor of the defendants to an attachment writ sued out to enforce the collection of rent notes, it was conclusive that the debt was not owing by said defendant, and that as to such defendant the attachment was wrongfully sued out.

3. *Attachment; Question for Jury.*—The plaintiff having shown that the attachment, as to her, was wrongfully sworn out, it was a question for the jury to determine whether it was done maliciously and without probable cause.

4. *Same.*—Where it appeared that the defendant directed the levy it was properly left to the jury to say whether he caused the seizure, and whether he did so maliciously and without probable cause, it appearing that it was wrongfully done.

5. *Same; Persons Liable.*—Where the attachment was wrongful, and the plaintiff in attachment directed the levy thereunder, he was liable as a co-trespasser.

6. *Same.*—It is a defense to an action for wrongful attachment that plaintiff did not make the affidavit for attachment until he was advised to do so by his attorney, after a submission to him of all the facts.

7. *Same; Jury Question.*—Whether a defendant made a full and fair statement to his attorney of the facts before making the affidavit for attachment, in an action for wrongfully, maliciously and without probable cause suing out an attachment, was a question properly submitted to the jury.

APPEAL from Selma City Court.
Heard before HON. J. W. MABRY.

This appeal is from the action of the trial court in granting to plaintiff in the cause a new trial. The action was one for willfully, fraudulently and maliciously causing an attachment to be issued and levied upon certain property of the plaintiff to satisfy a debt due by another party. There were other counts for the wrongful suing out of the attachment. The special plea to counts 2 and 3 set up the fact that the defendant was the owner of certain promissory notes made by plaintiff and her husband and payable to defendant for rent of a certain dwelling house which was occupied by plaintiff and her husband under the lease; that said plaintiff and husband failed to pay the notes when it became due and continued to fail to pay the same; when said notes were placed in the hands of an attorney, who brought suit thereon, against plaintiff and her husband, on said notes, before a justice of the peace in the precinct in which plaintiff and her husband lived, and that said attorneys did cause and instruct the defendant in this suit to make, subscribe and swear to an affidavit and procure the issuance of an attachment against plaintiff and her said husband. (Here follows a copy of the affidavit.) And said attorneys did cause and instruct defendant in this cause, plaintiff in the other cause, to make bond for the issuance of such attachment. (Here follows the copy of the bond.); whereupon the following attachment was issued by the notary public who had authority and jurisdiction to issue, commanding a lawful officer to attach so much of the goods, wares and merchandise of plaintiff and her husband as might be necessary to satisfy the complaint and cost. (Here follows a copy of the attachment writ.) The said attachment writ was placed in the hands of one Fulford, a deputy sheriff, who was duly authorized by law to levy said writ; that said Fulford did proceed to execute said writ by levying on the goods mentioned in plaintiff's complaint which were found by him in the dwelling house aforesaid, which was the same and identical trespass in the plaintiff's two counts mentioned, wherefore this defendant says plaintiff ought not to have and recover anything of him. The other plea is substantially the same as the one set out with the addi-

tional averment, that the defendant was not present when the writ was levied, nor did he participate in or direct its levy other than is herein averred. That he had probable cause to believe that the property in the dwelling house aforesaid was the property of defendants in the writ ,and that the same was not sued out for the purpose of vexing or harrassing the defendant . In other pleas he sets up the fact that he stated fully and fairly all the facts in the case to his attorney who directed him to procure the issuance of the attachment. The court on the original trial gave the affirmative charge for the defendant and upon motion by plaintiff for a new trial, based upon the alleged error of the court in giving this charge, the court granted the plaintiff a new trial.

A. D. PITTS, and PETTUS, JEFFRIES & PARTRIDGE, for appellant.—No brief came to the reporter.

CRAIG & CRAIG, and W. W. QUARLES, for appellee—No brief came to the reporter.

ANDERSON, J.—Conceding that the special pleas to counts 2 and C were proven beyond dispute, the defendant was not entitled to the general affirmative charge as to the whole complaint, unless the plaintiff was not entitled to recover under the other counts. The other counts were not upon the bond for the mere wrongful suing out of the attachment, but are in case for a wrongful, malicious, and without probable cause suing out of the attachment ,and in like manner causing the same to be levied. Plaintiff cannot therefore, recover under said counts, if the attachment was only wrongfully sued out, but must prove that it was sued out wrongfully, maliciously, and without probable cause.—*Brown v. Master,* 104 Ala. 451, 16 South. 443. The attachment was sued out to enforce the collection of certain notes signed by Fannie Drysdale and her husband and payable to the defendant, Goldstein. There was judgment in favor of said Fannie Drysdale, from which it does not appear that an appeal was taken. The judgment was, therefore, conclusive that the debt for the collection of

[Goldstein v. Drysdale.]

which the attachment was sued out was not owing by Mrs. Drysdale, the plaintiff in the present suit, and was, therefore, wrongfully sued out as to her.—*City Nat. Bank v. Jaffries*, 73 Ala. 183; *Stewart v. Cole*, 46 Ala. 646. The plaintiff having shown that the attachment was wrongfully sued out, it was for the jury to determine whether or not it was done maliciously and without probable cause.—*Alson v. Lidden*, 130 Ala. 548, 30 South. 401; *Lunsford v. Deitrich*, 93 Ala. 565, 9 South. 308, 30 Am. St. Rep. 79.

Appellant insists that the complaint claims in the conjunctive, not only for the wrongful and malicious suing out of the attachment, but for procuring in like manner a levy and seizure, and that plaintiff cannot recover, in the absence of proof in support of both averments. Conceding the soundness of the insistence, there was evidence that Goldstein directed the levy. If he did so with knowledge of all the facts, it was also a question for the jury to determine whether or not he caused the seizure and whether or not he did so maliciously and without probable cause. Fulford testified: "I did not levy the attachment when I first went there that morning. * * * I saw Mr. Goldstein after I went down the first time, and before I went back the second time. * * * He said I must get enough, if I had to get it all. * * * He told me to take the carpet; take anything that was necessary, and the carpet, too, if necessary." If Goldstein directed the levy, he was liable as a co-trespasser.—*Brock v. Berry*, 132 Ala. 95, 31 South. 517, 90 Am. St. Rep. 896.

This court has held, in cases of this character, where the existence of malice is essential to a recovery, and the defendant does not make the affidavit until he was advised to do so by an attorney, after all the facts had been fairly submitted, that these facts, when proven, are a complete defense to the action.—*Shannon v. Sims*, 146 Ala. 673, 40 South. 574; *O'Neal v. McKinna*, 116 Ala. 620, 22 South. 905; *National Surety Co. v. Mabry*, 139 Ala. 217, 35 South. 698. It is a question, however, for the jury to determine whether or not the defendant made a full and fair statement to Mr. Pitts, his attorney.—*McLeod v. McLeod*, 73 Ala. 42.

The trial court erred in giving the affirmative charge for the defendant, and properly granted the motion for a new trial, and the judgment in so doing is affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.