# Goldstein, *et al. v.* Nobles.

### Malicious Garnishment.

(Decided December 21, 1916.  Rehearing denied February 1, 1917.
73 South. 822.)

1. **Garnishment; Malicious Suing Out; Termination of Case.**—A common law action for malicously and without probable cause suing out a garnishment may be brought before the termination of the main cause, and a failure to allege in the complaint that the suit had been determined did not render it subject to demurrer; nor was the court in error in sustaining demurrers to a special plea setting up that the action was prematurely brought.

2. **Attachment; Maliciously Suing Out; Probable Cause.**—Where the action was for maliciously suing out an attachment, as distinguished from an action on the bond for wrongfully suing out the same, no recovery can be had unless it was sued out without probable cause.

3. **Garnishment; Wrongful; Want of Probable Cause.**—A charge authorizing punitive damage for the plaintiff if the jury believes that the garnishment was sued out maliciously, wrongfully and vexatiously was not error since the facts therein hypothesized were the equivalent of the non-existence of probable cause, and if regarded as misleading defendant could have requested explanatory instructions.

4. **Same.**—A charge to find for the plaintiff if the defendants failed to furnish the bond and affidavit as required by law was error since it omitted the necessary element of malice and lack of probable cause; the failure to make affidavit and bond would render the garnishment wrongful but not necessarily malicious and without probable cause.

5. **Same; Jury Question.**—It appearing that the garnishment was wrongfully obtained it was a question for the jury whether the garnishment had been sued out maliciously and without probable cause.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROW.

Action by Alex Nobles against H. H. Goldstein and Ed Putnam for maliciously suing out an attachment.  Judgment for plaintiff, and defendants appeal.  Transferred from the Court of Appeals under Acts 1911, p. 449, § 6.  Reversed and remanded.

The complaint is as follows:

"Plaintiff claims of defendants the sum of  *  *  *  as damages for that heretofore, to-wit,  *  *  *  the defendants wrongfully, vexatiously, and maliciously caused to be issued out of the court of P. H. Bailey, a justice of the peace in and for Jefferson county, a writ of garnishment against plaintiff, and caused same to be served on the Decatur Car Wheel Manufacturing Company,

[*Goldstein, et al. v. Nobles.*]

plaintiff's employer, for the purpose of harassing plaintiff, and plaintiff avers that by reason of such wrongful issuance and service of such garnishment as aforesaid he has suffered the following damages and injuries: [Here follows the catalogue of injuries.]"

The substance of the pleas was: (1) That the suit was still pending on the garnishment proceeding when this suit was begun, and that the cause of action did not arise until after the determination of said garnishment proceedings; and (2) that subsequent to the bringing of this action, and after hearing said cause in the garnishment proceeding, judgment was rendered against plaintiff in this action and in favor of defendant in this action, and hence that this action was prematurely begun. The following is charge 2 given for plaintiff:

"If the jury believe from the evidence that said garnishment was sued out maliciously, wrongfully, and vexatiously, and with the purpose of harassing or vexing plaintiff, then you would be authorized to assess punitive damages."

"(1) If the jury believe from the evidence that Goldstein and Putnam failed to furnish a necessary bond and affidavit as required by law, then you must find for plaintiff."

STOKELY, SCRIVNER & DOMINICK, for appellants. GEORGE E. BUSH, for appellee.

ANDERSON, C. J.—(1) While this is a common-law action for maliciously and without probable cause suing out a garnishment, and is not an action upon the garnishment bond, it seems that under our cases the plaintiff did not have to await the determination of the main cause before suing for the wrongful issuance of the garnishment. Section 2966 of the Code of 1907 authorizes suit upon the bond any time within three years before or after suit is determined, and our court has held that this right exists as to the common-law action as well as a suit upon a bond. —*Alsop v. Lidden,* 130 Ala. 553, 30 South. 401; *Brown v. Master,* 104 Ala. 463, 16 South. 443. It is true these cases construed the statute as it existed prior to the Code of 1907, and a part of section 565 of the Code of 1896 (now section 2966 of the Code of 1907) was left out of the present Code, but there was no change as to the right to bring the action either before or after the determination of the suit. It has also been held that this

statute applies to actions for the wrongful suing out of garnishments as well as attachments.—*Barber v. Ferrill,* 57 Ala. 446. Hence the trial court did not err in overruling the defendant's demurrer to the complaint for failing to aver that the suit had been determined, or in sustaining the demurrers to the special pleas setting up that this action was prematurely brought.

(2, 3) It is well settled that in an action for the malicious prosecution of an attachment suit, as distinguished from an action on the bond for the wrongful suing out of same, there can be no recovery unless it was sued out without probable cause.—*Brown v. Master, supra; Goldstein v. Drysdale,* 148 Ala. 486, 42 South. 744; *Lane v. Ala. Penny Sav. Bank,* 185 Ala. 656, 64 South. 608. It has also been held that a charge that the attachment was wrongfully, vexatiously, and maliciously caused is a sufficient negation of probable cause, and is therefore equivalent to the averment that the act was done without probable cause.—*Brown v. Master, supra.* Hence there was no error in giving plaintiff's charge 2, as the existence of the facts there hypothesized was the equivalent to the non-existence of a probable cause, but, if it was misleading, the defendant could have asked for an explanatory instruction. Indeed, the record shows that several such charges were requested and given. See defendant's given charges 3, 4, 6, and 7.

(4) The trial court erred in giving the plaintiff's requested charge 1. It was not only faulty, but was in direct conflict with charges given for the defendant. The complaint was for a malicious prosecution in suing out the attachment, and in order for the plaintiff to recover thereunder the defendant's act in prosecuting the attachment must not only have been wrongful, but must have been actuated by malice and done without probable cause.—*Brown v. Master, supra.* The failure to make such an affidavit and bond as required by law would render the attachment wrongful, but not necessarily malicious and without probable cause. Nor did the failure to make the second affidavit, as required by the Local Act of February 8, 1895 (Weakley's Local Laws of Jefferson County, p. 660), necessarily entitle the plaintiff, as matter of law, to recover in the present action. The failure to make this affidavit may have rendered the garnishment wrongful, but, at most, it was a question for the jury as to whether or not it was sued out with malice and without probable cause.—*Goldstein v. Drysdale,* 148 Ala. 486, 42 South. 744.

(5) We do not think that the trial court erred in refusing the general charge for the defendant. In the first place, the proof did not show a debt owing the plaintiffs Goldstein & Putnam, but that, if any debt was owing it was to Goldstein individually, or Goldstein, Peevy & Ferguson, and the jury could have found that the garnishment was wrongful, malicious, and without probable cause. Moreover, there was not the additional affidavit as required by the local act supra that the demand sued for was not exempt to the defendant. Whether or not this is necessary in tort actions against a defendant wherein he cannot claim exemptions we need not decide, as the suit in question, for use and occupation, was one to recover rent and rests upon a rental contract, expressed or implied.—*Grady v. Ibach,* 94 Ala. 152, 10 South. 287. The garnishment having been wrongfully obtained, it was open to the jury to find that it was sued out maliciously and without probable cause.

For the error heretofore suggested, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.   All the Justices concur.