179 So. 219

**HARRISON et al. v. EMENS.**

**8 Div. 779.**

Supreme Court of Alabama.

Feb. 10, 1938.

R. B. Patton, of Athens, for appellants.

W. L. Chenault, of Russellville, and Melvin Hutson, of Decatur, for appellee.

BROWN, Justice.

This is an action by a tenant against the landlords and the sureties on an attachment bond, given in an attachment proceeding, sued out by the landlords to enforce the statutory lien for rent and advances for the year 1934. Code 1923, §§ 8799–8813.

■ While the action is on the bond, as authorized by Code 1923, § 6214, yet so far as "the nature and character of the evidence necessary to sustain it, is to be considered, bears a closer resemblance to an action for malicious prosecutions, than to any other action at common law. It is necessary for the plaintiff to aver in his complaint, the falsity of the particular fact, or facts, which may be stated in the affidavit as the ground of attachment. Tiller v. Shearer, 20 Ala. 527. The averment of the falsity of the affidavit, though it may be negative in form, and may involve proof of a negative, casts on the plaintiff the onus of supporting it by evidence either direct, or of circumstances from which the jury may fairly infer the untruth of the fact or facts stated in the affidavit. The right of recovery rests on the wrongful or vexatious use (or both), of the extraordinary and harsh remedy by attachment in [and] this forms the gravamen of the plaintiff's complaint. O'Grady v. Julian, 34 Ala. 88." Durr v. Jackson, 59 Ala. 203.

■ It is not essential to the existence of a cause of action that the attachment should be both wrongful and vexatious or malicious, but it is essential that it be wrongful; that is, that no debt exists for the collection of which the extraordinary process may be resorted to, or if such debt exists, that no ground for the issuance of the writ in fact existed. City National Bank v. Jeffries, 73 Ala. 183; Jackson v. Smith, 75 Ala. 97.

■ But where, as here, the complainant avers that the attachment was "wrongfully and maliciously" sued out, the plaintiff assumed the burden of reasonably satisfying the jury by evidence of both elements of the cause of action as pleaded. Brown v. Master, 104 Ala. 451, 16 So. 443, 447.

While the last cited case was an action for "malicious prosecution of an attachment suit" and "malicious abuse of process," nevertheless, the opinion in that case, 104 Ala. 451, on page 463, 16 So. 443, deals with the "mere wrongful suing out of an attachment."

The defendants pleaded the general issue, in short by consent, with leave, etc.

The trial resulted in a verdict and judgment for the defendants, which on timely motion for new trial were set aside, and new trial awarded, and this appeal is from the judgment granting the motion.

In the motion fourteen grounds are assigned, among others, that the verdict was contrary to the great weight of the evidence, and that the court erred in giving at the request of the defendants' special written charge 2, "I charge you that the burden rests on the plaintiff to establish by a preponderance of evidence that the original attachment was wrongful."

■ The litigated issue of facts was whether or not the plaintiff, at the time of the issuance and levy of the attachment, was indebted in any amount to the landlords for corn and hay advanced to the

plaintiff as tenant, to aid him in making a crop during the year 1934. If, in fact, the plaintiff was not indebted to the Harrisons for rent or advances in any sum, the attachment was wrongful. Cassady v. Williams, 234 Ala. 299, 174 So. 485; Jackson v. Smith, supra; Brown v. Master, supra.

On this issue the evidence was in sharp conflict, that on the part of the plaintiff going to show that he only got from his said landlords a small amount of corn—84 bushels and 25 pounds—and a small amount of hay; that he paid for the corn by exchanging corn of equal amounts and value; and that he paid cash for the hay.

The evidence on the part of defendants tended to show that said landlords delivered to the plaintiff between three and four hundred bushels of corn and several tons of hay; that he agreed to exchange corn of equal amount located at Trinity, and pay for any excess if the corn at Trinity was not sufficient; that there was not sufficient corn at Trinity and plaintiff did not pay for the excess; that he only paid $7 on the hay, leaving a balance due. This evidence clearly presented a jury question, and we are not able to affirm that "the evidence plainly and palpably supports the verdict," and, therefor, that the court committed error in granting the motion on that ground. Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738.

■ Charge 2, given at the instance of defendants, does not merely undertake to state "the elements of the case to be proved," but deals with the *burden and quantum of proof* necessary to sustain the affirmative of the issue that the attachment was wrongfully sued out, and under our decision imposed on the plaintiff a greater burden than the law requires; that is, that the evidence must reasonably satisfy the jury. Phillips v. Gaither et al., 191 Ala. 87, 67 So. 1001; Southern Railway Company v. Riddle, 126 Ala. 244, 28 So. 422; McBride v. Sullivan, 155 Ala. 166, 45 So. 902; Alabama Securities Co. v. Dewey, 156 Ala. 530, 47 So. 55; Torian v. Ashford, 216 Ala. 85, 112 So. 418.

The giving of charge 2 justified the awarding of a new trial. The other questions argued need not be treated.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.