NATHAN RODGERS CONSTRUCTION & REALTY CORP., Plaintiff-Appellant,

v.

CITY OF SARALAND, ALABAMA, a municipal corporation, et al., Defendants-Appellees.

No. 80–7670.

United States Court of Appeals, Fifth Circuit.*
Unit B

May 17, 1982.

---

17. As we have pointed out above, nothing explains the reference to "unmatched receivables."

* Former Fifth Circuit Case; (Section 9(3) of Public Law 96–452—October 14, 1980).

Diamond, Lattof, Gardner, Pate & Peters, J. Cecil Gardner, Mobile, Ala., for plaintiff-appellant.

Richard L. Thiry, Mobile, Ala., for defendants-appellees.

R. Frank Ussery, Asst. Atty. Gen., Charles A. Graddick, Atty. Gen., Montgomery, Ala., amicus.

Before GODBOLD, Chief Judge, TJOFLAT and THOMAS A. CLARK, Circuit Judges.

### ON PETITION FOR REHEARING

GODBOLD, Chief Judge:

Appellant correctly notes that we requested supplemental briefs on its contention made for the first time in oral argument that the statute of limitations was tolled while its state judicial remedies were being exhausted. The tolling argument made to us was not, however, clearly addressed to the district court. Although that court used the term "tolling," appellant's contention before the district court was really an accrual argument, namely, that the

cause of action had not accrued because of continuing harm.

Absent plain error we would not reverse the district court on an issue not clearly presented to it for decision. We have examined the briefs and perceive no plain error.[1]

The petition for rehearing is DENIED, 670 F.2d 16 (5th Cir.).

---

1. While we do not decide the matter, we point out that at least arguably federal policy requires tolling only while state remedies are being pursued where "the results sought in the state proceedings were the same as the results sought [in federal court.]" *See Mizell v. North Broward Hospital District*, 427 F.2d 468, 473–74 (5th Cir. 1970) (tolling statute during state judicial proceedings under this condition). Here, this condition is not met, for Rodgers sought only issuance of the sewer permit in state court and now seeks only damages for the

delay in its issuance. In the state court Rodgers won its case but still seeks federal relief.

Rodgers contends that tolling the statute would promote the federal policy of allowing the state court to find the facts and determine issues of municipal law on which a federal court might base its constitutional judgments. This might well advance interests of comity and federalism to a degree, but the effect is not as strong as where the plaintiff in addition seeks in state court the same relief later sought in the federal system.