Samuel JONES, Jr., Plaintiff,

v.

PREUIT & MAULDIN, etc., et al., Defendants.

Civ. A. No. 84–AR–5131–NW.

United States District Court,
N.D. Alabama,
Northwestern Division.

June 15, 1984.

---

C.V. Stelzenmuller, Thomas, Taliaferro, Forman, Burr & Murray, Birmingham, Ala., Harold L. Speake, Speake, Speake & Reich, Moulton, Ala., for plaintiff.

T. Michael Putnam, Potts, Young, Blasingame, Suttle & Putnam, Florence, Ala., for defendants.

## MEMORANDUM OPINION

ACKER, District Judge.

This action was brought by plaintiff, Samuel Jones, Jr. (Jones), pursuant to 42 U.S.C. § 1983 charging that certain of plaintiff's property was wrongfully seized under color of state law by constitutional violation inherent in the attachment procedure. The portion of the complaint here pertinent alleges that the "procedure did not comply with the requirements of the Fourteenth Amendment concerning deprivations of property without due process of law in relation to prejudgment seizures of property". The alleged constitutional deprivation occurred on April 8, 1982. Jones filed his complaint on February 24, 1984. Defendants have filed a motion to dismiss the complaint, asserting as an absolute defense the statute of limitations of one year. If defendants are correct and if the applicable statute of limitations is one year, then plaintiff is clearly barred on the face of his complaint. If, however, the applicable statute of limitations is three years, as Jones contends, then his action may proceed to a hearing on the merits.

■ It no longer requires citation of authority for the proposition that because § 1983 itself contains no statute of limitations, the federal courts look to and apply the state statute of limitations most nearly analogous to the particular § 1983 claim being brought. However, as was eloquently elucidated by Hon. Robert Propst in *Fomby v. City of Calera*, 575 F.Supp. 221, 223 (N.D.Ala.1983), "[t]he *choice* of a limitations period for a *federal* cause of action is itself a question of *federal* law". (emphasis supplied). This Court thoroughly agrees with Judge Propst. Judge Propst's persuasive rationale is reminiscent of one of the opening scenes in Gone With The Wind, which contains the following dialogue taking place among field hands at the close of the day, with Tara in the distant background. The scene in the screen play is called "Quitting Time at the Plantation". Most serious moviegoers will remember:

*Scene*

Cotton field, with field hands at work plowing furrows. The bell at Tara is heard faintly. One of the hands, Elijah, stops.

*Elijah:* Quittin' time!

Another huge black man, known as Big Sam, turns on Elijah sharply:

*Big Sam:* Who said?

*Elijah:* I sez.

*Big Sam:* You can't sez. I'se de foahman. I'se de one dat sez when it's time to quit [He calls out loudly to the other hands.] QUITTIN' TIME!

To paraphrase Big Sam inversely and to reiterate Judge Propst, it is the *federal* court which says when it is "STARTIN' TIME" under § 1983. Although the federal court must look to the state law for the appropriate statute of limitations, it is not the state which "sez" what particular statute of limitations the federal court must apply. The state simply furnishes its various statutes of limitations for perusal and selection by the federal court in the context of the particular § 1983 complaint.

Jones here urges that the Alabama statute of limitations more nearly analogous to his situation is Ala.Code § 6–6–148 (1975), which reads as follows:

At any time within three years of the suing out of the attachment, before or after the action is determined, the defendant in attachment may commence an action on the attachment bond and may recover such damages as he has actually sustained if the attachment was wrongfully sued out and, if sued out of maliciously as well as wrongfully, the jury may, in addition, give vindictive damages.

On the other hand, defendants assert that the here appropriate statute of limitations is Ala.Code § 6–2–39(a)(5) (1975), which reads as follows:

(a) The following must be commenced within one year:

\* \* \* \* \* \*

(5) Actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section.

Jones must acknowledge that his is not a suit on a *bond,* which admittedly is a specialized form of contract and, if sued upon, constitutes an action *ex contractu.* Rather, Jones insists that his action, although admittedly *ex delicto,* is controlled by the three year statute provided by Ala.Code § 6–6–148 (1975) for suits on attachment bonds. He relies entirely upon a *dictum* in *Goldstein v. Nobles,* 198 Ala. 430, 73 So. 822 (1916). This hoary case contains language which Jones would interpret to give him a three year statute of limitations. He would give a significance to *Goldstein* which does not bear up under careful analysis. The pertinent language from *Goldstein* is as follows:

Section 2966 of the Code of 1907 [6–6–148] authorizes suit upon the bond any time within three years *before* or after suit is determined, and our court has held that *this right* exists as to the common-law action as well as a suit upon a bond. *Alsop v. Lidden,* 130 Ala. 553, 30 South. 401; *Brown v. Master,* 104 Ala. 463, 16 South. 443. It is true these cases construed the statute as it existed prior to the Code of 1907, and a part of section 565 of the Code of 1896 (now section 2966 of the Code of 1907) was left out of

the present Code, but there was no change as to *the right to bring the action either before or after the determination of the suit.* It has also been held that this statute applies to actions for the wrongful suing out of garnishments as well as attachments. *Barber v. Ferrill,* 57 Ala. 446. Hence the trial court did not err in overruling the defendant's demurrer to the complaint for failing to aver that the suit had been determined, or in sustaining the demurrers to the special pleas setting up that this action was *prematurely brought.* (emphasis supplied).

198 Ala. at 431–32; 73 So. at 823.

To understand *Goldstein* the first important fact to recognize is that the issue presented here by Jones was *not* presented in *Goldstein.* Nowhere was the Supreme Court in *Goldstein* confronted with the question of whether or not the victim of a wrongful attachment can bring a tort action for wrongful attachment at any time within three years after the occurrence. Rather, in *Goldstein* the issue was simply whether or not a tort action for an allegedly wrongful attachment can be brought *before* a determination in the main case of the question of whether or not the attachment was, in fact or law, erroneous and therefore "wrongful". If the Alabama Court really meant to say that there is a three year statute of limitations for the *tort* of wrongful attachment (which this Court disputes, *infra*) its inartful expression of the thought in *Goldstein* was not a part of its holding, was unnecessary to its decision, and thus was pure *dictum. Dictum* is not the stuff for the fashioning of a new § 1983 limitation.

Secondly, and more importantly, this Court does not believe that the Alabama Court in 1916 either believed or intended to express a belief that the statute of limitations for wrongful attachment is three years in Alabama. Not only has the Alabama Court never reiterated or hinted any such intent between 1916 and this date in 1984, but that court's limited intent can be discerned from the language which the

court actually used. Its language may have been somewhat misleading, but what it was trying to say becomes clear upon a careful reading. When that court said "[s]ection 2966 of the Code of 1907 [§ 6–6–148] authorizes suit upon the bond any time within three years *before* or after suit is determined, and our court has held that *this right* exists as to the common-law action as well as a suit upon a bond" (emphasis supplied), the argument was to justify the bringing of a common law action *before* a determination of the efficacy of the garnishment writ. 73 So. at 823. The gratuitous use of the words "or after" was not intended by the Alabama Court to be related grammatically to the three year statute of limitations, but rather to support the elimination of the defense of prematurity where such a suit is brought before a final determination of the legal effect of the attachment. While its grammar may have been imperfect, the Alabama Court's reasoning shines through.

Thirdly, the Alabama Court's citation of *Alsop v. Lidden*, 130 Ala. 548, 30 So. 401 (1901) and *Brown v. Master*, 104 Ala. 451, 16 So. 443 (1894), as authorities for its proposition again proves the limitation on that Court's holding. Neither *Alsop* nor *Brown* involve a choice between statutes of limitations. To the contrary, both of these earlier cases deal with the defense of prematurity where there had been no predetermination of a want of probable cause for an attachment or a garnishment. This is a distinction similar to the well recognized distinction between the cause of action known as "malicious civil prosecution" (which requires a prior adjudication against the prosecuting party) and the cause of action known as "abuse of process" (which does not require such a prior adjudication). The Alabama Court was, of course, correct in holding that the common law or *ex delicto* action for wrongful attachment does not have as a prerequisite a judicial determination that the attachment was wrongful. It is a *non sequitur* which the Alabama Court could not have meant to indulge to jump to the conclusion that a person having such an *ex delicto* cause of action can wait three years to bring suit simply because he can bring an action *ex contractu* on the attachment bond within three years.

Fourthly, the sharp difference between a contract claim and a tort claim cannot be overemphasized. In the classic tort action all actual damages (and even punitive damages under some circumstances) proximately caused by the wrongful act, are recoverable. However, in a suit on a bond the face amount of the bond places a limitation on the amount of recovery, whether the damages are actual, or punitive, or both. Perhaps it would be theoretically possible to draft a bond of an unlimited monetary amount covering all possible losses resulting from a breach of the bond. But this Court is not here dealing with such an hypothetical bond but with the law of Alabama which does not contemplate the execution of a bond of unlimited amount in order to obtain a writ of attachment. *See* Ala.Code §§ 6–6–45, 6–6–120 (1975).

■ Lastly, it is not necessary for this Court to explain or to avoid the 1916 *dictum* in *Goldstein*. The more recent truth, as expressed in *Fomby v. City of Calera*, *supra*, is that a federal court in ascertaining the proper period of limitations in § 1983 cases must look to the "essential nature" of the claim and cannot be controlled by the tag which the plaintiff may put on it. *See Beard v. Stephens*, 372 F.2d 685 (5th Cir.1967). Applying this federal rule, this Court finds that the "essential nature" of Jones' claim, *as unequivocally described in his own complaint*, is that he sustained damages as a proximate consequence of a denial of "due process". It is impossible to squeeze such a claim into the would-be category of a suit on an attachment bond in order to push the limitations period beyond one year. Jones' wishful thinking is well argued by counsel, but it ultimately fails. In *Harrison v. Emens*, 235 Ala. 319, 179 So. 219 (1938) the Supreme Court of Alabama recognized that the "essential nature" of a claim for wrongful attachment (whether brought on the attachment bond [*ex contractu*] or directly for vexatious or malicious conduct [*ex delicto*]) is tort-like. There, in a suit

brought on an attachment bond, the Alabama Court said:

> While the action is on the bond, as authorized by Code 1923, § 6214 [6–6–148], yet so far as 'the nature and character of the evidence necessary to sustain it, is to be considered, *bears a closer resemblance to an action for malicious prosecutions, than to any other action at common law.* It is necessary for the plaintiff to aver in his complaint, the falsity of the particular fact, or facts, which may be stated in the affidavit as the ground of attachment. *Tiller v. Shearer,* 20 Ala. 527. The averment of the falsity of the affidavit, though it may be negative in form, and may involve proof of a negative, casts on the plaintiff the onus of supporting it by evidence either direct, or of circumstances from which the jury may fairly infer the untruth of the fact or facts stated in the affidavit. The right of recovery rests on the wrongful or vexatious use (or both), of the extraordinary and harsh remedy by attachment in [and] this forms the gravamen of the plaintiff's complaint. *O'Grady v. Julian,* 34 Ala. 88.' *Durr v. Jackson,* 59 Ala. 203.
>
> It is not essential to the existence of a cause of action that the attachment should be both wrongful and vexatious or malicious, but *it is essential that it be wrongful;* that is, that no debt exists for the collection of which the extraordinary process may be resorted to, or if such debt exists, that no ground for the issuance of the writ in fact existed. (emphasis supplied).

235 Ala. at 320; 179 So. at 219–20.

It is of more than passing interest that the cause of action, i.e., malicious prosecution, which the court in *Harrison* found to bear a close resemblance to one for wrongful attachment, has a one year statute of limitations. *See* Ala.Code § 6–2–39(a)(1) (1975). It is inconceivable to this Court that the Alabama Legislature intended, when it enacted § 6–6–148, to provide two years beyond the "catch-all" statute and beyond the "malicious prosecution" statute when a claim for wrongful attachment is brought, *not on the bond, but on a common law theory of wrongful attachment most closely resembling malicious prosecution.* It would indeed be a strained construction of § 6–6–148 to find in it a waiver of the one year statute of limitations contained both in § 6–2–39(a)(1) and in § 6–2–39(a)(5).

■ The statute of limitations in Alabama for claims arising out of violations of "due process" rights has routinely been considered by the Alabama courts and by the federal courts to be the "catch-all" one year statute of limitations contained in § 6–2–39(a)(5). Not only is this the clear holding of the Supreme Court of Alabama in *Limbaugh v. Johnston,* 393 So.2d 963 (Ala.1981), but the Alabama Court is clearly echoed in *Rubin v. O'Koren,* 644 F.2d 1023 (5th Cir. Unit B, 1981), and in *Nathan Rodgers Construction & Realty Corp. v. City of Saraland,* 670 F.2d 16, 20 (5th Cir. Unit B), *reh'g denied* 676 F.2d 162 (5th Cir. Unit B, 1982) where the embryonic Eleventh Circuit said:

> [T]he one-year statute applied by the district court covers 'actions for any injury to the person or rights of another not arising from contract' Ala.Code § 6–2–39(a)(5). This is such an action.

To put it simply, the "essential nature" of Jones' complaint does not involve an attachment bond. Rather, the gravamen of his complaint is an alleged due process deprivation.

Not out of the pride manifested in Big Sam's expression of his prerogative as boss in the cotton field, but because the duty of a federal court is to select the most appropriate state statute of limitations in § 1983 actions, and because this Court deems that Jones' complaint of a constitutional denial of "due process" makes § 6–2–39(a)(5) a more analogous statute than any analogy which can be drawn as to a case brought under § 6–6–148, the Court concludes that defendants' motion to dismiss is due to be granted. Plaintiff's complaint is therefore time barred.

An appropriate order will be entered.