Hill & Dill v. Duke.

---

# HILL & DILL v. DUKE.

1. Where a father, upon the marriage of his daughter, or afterwards, sends home a slave with her, which remains in the husband's possession for ten years, the presumption that it was a gift, must be explained or rebutted by satisfactory proof that it was notoriously understood not to be a gift at the time; and even if there is such proof, it is not too much to say that a strong presumption arises,

which will warrant the inference of a subsequent absolute gift. when the contest is between a creditor and the donor.

WRIT of error to the Circuit Court of Benton county.

Trial of the right of property to a certain slave, levied on by an execution in favor of Hill & Dill against one Adams, and claimed by Duke.

At the trial, it was shown in evidence that Hill & Dill were creditors of Adams, in Georgia, previous to 1840, when the latter removed from thence to Alabama, where they sued him and recovered judgment. The execution on this judgment was levied on the slave in controversy. Adams, in 1830, married the daughter of Duke, in Georgia, and when the new married couple went to house keeping, Duke sent a negro woman slave home with his daughter. This slave was the mother of the one levied on; and, with her subsequent increase, remained in Adams' possession from his marriage up to the time of the trial. In the year 1840, Adams executed to Duke an instrument in writing, stating that he had received the woman slave first mentioned and her four children, among which is the slave levied on, which were loaned by Duke to his daughter, the wife of Adams, and that he was to have them whenever he called for them. Adams was called as a witness for the claimant, and said that he always considered the slaves as belonging to Duke; that the woman slave was loaned to him for the use of his wife; that he set up no claim to the slaves, but had paid taxes for them in this State in the name of Duke, and that Duke himself paid taxes for them while they were in Georgia; that Duke came to Alabama about three months after witness removed here, and took one girl from him, which had been loaned in the same way, but was prevented from taking the others because he could not procure a waggon. He then left them in witness' possession upon his executing the written instrument before mentioned.

On this state of proof, the court charged the jury, that the sending of the slave home with the daughter on her marriage, was *prima facie* evidence of a gift by the father; but this intention was susceptible of explanation; and if the jury believed that the slaves had been in the possession of Adams in this State for three years before the levy, the slave levied on was subject to the

execution; if not, they would find for the claimant; and that the possession of the slaves by Adams, in Georgia, had nothing to do with the case.

The plaintiffs then requested the court to charge the jury, that if, from the evidence, they believed the woman slave was sent home with Adams on his marriage, either as a gift or as a loan, and that the slave had remained in Adams' possession for ten years in the State of Georgia, without interruption, and that the slave levied on was born in his possession, and continued therein until the levy, then that a subsequent contract, or the contract evidenced by the instrument in evidence, did not divest the title of Adams, without some change of possession; and, therefore, the slave levied on was subject to the execution. This was refused; and the jury was instructed, that it did not matter how long the slave remained in Adams' possession. If it was held as a loan, the possession did not change the right of property as to Duke; and hence the slave was not subject to the execution.

The plaintiffs excepted to the several charges as given, as well as to that refused; and now assign the same as error.

T. A. WALKER, for the plaintiffs in error, cited, Myers v Peak, 2 Ala. Rep. N. S. 659; Oden v. Stubblefield, 4 ib. 40; 4 McCord, 228; Wheeler's Law of Slavery, 72; 4 Cranch, 219; 9 ib. 212.

W. B. MARTIN, *contra.*

GOLDTHWAITE, J.—We think the charge of the circuit court, so far as it asserts that the possession of the slaves by Adams, in Georgia, had nothing to do with the case, cannot be sustained.

Independent of our statute of frauds, the question before the jury was, whether Duke parted with the possession of the slave sent home with his daughter after her marriage, as a loan, or as a gift. In this aspect, there could be few facts of more weight than the long continued possession of the husband. It is certainly correct, that the presumption which arises when a father sends slaves home with a daughter upon or after her marriage, may be rebutted or explained; but this must be done by clear and satisfactory proof that it was notoriously and expressly understood

not to be a gift at the time. [Carter's Ex'rs v. Rutland, 1 Hayw. 97; Killingsworth v. Zollicoffer, 2 ib. 72; Robinson's adm'r v. Devore, 2 ib. 154.] It is not very material in the investigation of such a question, what the transaction is called by the parties, as it becomes a loan or a gift according as there is, or is not, an intention on the part of the father to resume the possession at some future time. It is indeed very difficult to draw a distinction between a loan for an indefinite period of time, by a father to a child, when no definite object is to be accomplished by the loan, and an absolute gift. But when such a loan is extended over a period of ten years, and no period is fixed for its determination, it is not too much to say, in a contest between a creditor and the donor, that a strong presumption to infer a subsequent absolute gift is well warranted, even if the bailment was originally designated as a loan between the parties themselves.

We forbear to express any opinion upon the charge requested, further than that it seems to have considered the case as a question of law upon the facts proved, when it was only one as to the intention of the supposed donor at the time when he parted with the slave, or at some subsequent time.

Judgment reversed, and cause remanded.