## McGREW & HARRIS *vs.* WALKER.

1. Whether a partnership existed between two or more persons is, after the facts are ascertained, a question of law, but a witness who knows the fact, may, nevertheless, state, in so many words, that they were partners. The party, against whom the testimony is offered, if he thinks the statement is founded on opinion merely, should interrogate the witness as to the sources of his knowledge.
2. Proof that two persons were very intimate is admissible, in connection with other evidence tending to show that a partnership existed between them.

Error to the Circuit Court of Mobile. Tried before the Hon. John Bragg.

THIS was an action by Daniel Walker against the plaintiffs in error, to recover the amount due on a promissory note, purporting to have been signed by McGrew & Harris, in favor of William Stewart and by him endorsed to the defendant in error. McGrew interposed a plea of *non est factum*, upon which issue was joined. It appears by the bill of exceptions, that on the trial below the plaintiff introduced one Meaher as a witness, who testified that William Stewart, Daniel Walker and himself were the owners of the steamboat Bourbon, of which Harris was the clerk; that about the time the note sued on bears date, the witness sold his interest in the boat to McGrew & Harris; that Harris paid him a portion of the purchase money and made a note for $500, it being the balance of the purchase money, which he signed in the name of McGrew & Harris; and that McGrew, being present at the time, he applied to him to know

whether he recognised Harris' act, to which he replied that he did, that any thing that Harris might do in the matter would be right and he would be responsible for it. The witness further stated that McGrew & Harris were partners at the time, and before, and have been since, in two warehouses on the bank of the river. This evidence was objected to by McGrew, but the objection was overruled by the court. The witness also stated that McGrew & Harris afterwards owned the whole boat and ran it on joint account, Harris being the captain ; that about the time of the purchase from the witness, the said McGrew & Harris purchased the shares of Stewart & Walker and thus acquired the whole of the Bourbon; that he derived this information from the statements of both McGrew & Harris; and that McGrew & Harris were very intimate, McGrew expressing great confidence in Harris, and that the intimacy continued until after the date of the note sued on. To the latter clause of this evidence the defendant McGrew objected, but his objection was overruled. To the rulings of the court the defendant McGrew excepted, and they are now assigned as error.

TAYLOR, for the plaintiffs in error :

1. The witness should not have been allowed to say to the jury that McGrew and Harris were *partners*—that was a question of law for the court to determine, and not the witness.— Wall v. Williams, 11 Ala. 826; Parker v. Haggerty, 1 ib. 632; Anderson v. Snow, 9 ib. 247 ; Rembert et al. v. Brown, 14 ib. 360.

2. The contract between McGrew and Harris, and the witness, had not the remotest connection with the note sued on or the issue in this case, and ought to have been excluded.

3. The testimony, " that McGrew and Harris were very intimate about the time of the date of the note, and that McGrew had great confidence in Harris, which continued until long after the date of the note," &c. was totally irrelevant, and as the plaintiff's whole case rested upon remote inferences, was calculated greatly to prejudice the jury, and ought not to have been allowed.

4. We might admit that McGrew authorised Harris to purchase Meaher's share for him, but this did not authorise him to purchase Stewart's interest afterwards, on his own account and

53

McGrew & Harris v. Walker.

sign McGrew's name for it. I contend that it will not do to allow a recovery on such far-fetched presumptions, and it ought all to have been excluded. The *onus* was on the plaintiff, and he ought to have overbalanced the plea with more certain evidence.—Adams v. Moore, 9 Port. 406—see, also, Brooks v. Wilson, 12 Ala. 555; Mauldin v. Br. Bank, 2 Ala. 502.

STEWART, for the defendant:

1. All the proof is conducive to establish the fact sought to be established, and consists of facts and circumstances all connected with the very transaction, and the surrounding circumstances, from which inferences can be drawn.—Proof is made by information of witnesses who have knowledge of the fact—or by means of inferences or conclusions drawn from other facts connected with the principal fact.—1 Starkie's Ev. 14. Presumptions are admitted and may be drawn by proof of *motives* shown, influencing the party—facts may be thus presumed and infered.—1 Starkie's Ev. 51. Facts may also be infered by showing the *conduct* of parties in relation to particular subjects.—1 Starkie's Ev. 53-4. The *course of dealing* of an individual may be shown to establish a particular fact and raise the inference.—1 Starkie's Ev. 54-5. The *surrounding facts and circumstances* are admissible, which may afford fair inferences.—1 Starkie's Ev. 56-7. *Circumstances which exclude any other supposition* than the fact alleged are admissible.—1 Starkie's Ev. 58. *Conformity with collateral circumstances* may be shown to raise presumptions.—1 Starkie's Ev. 493. *Coincidences* may be received to show the probable truth. 1 Starkie's Ev. 504-5-7. As to presumptions arising from proof of circumstances, see 3 Starkie's Ev. 1234-1253.

2. As to the position taken, that the witness stated matter of law, instead of fact, this is a new position taken here and not specified in the court below. It is clear that a witness cannot be allowed to decide questions of law. But when the witness is on the stand open to be questioned by either party, the objection does not apply. A witness is allowed to state a fact. If the opposite party wishes to know how he derives his information, either from his own knowledge or from information, he must ask the question. When the witness states a thing compounded of law and fact, the knowledge and means of knowledge must be looked to by any one disposed to inquire.

The case cited by the plaintiff in error, in 9 Ala. 250-1, shows that the inquiry must be pressed before the witness himself, before it can be raised on error. With this construction the rule can be properly applied and maintained. The party can obtain the full benefit of it, and no injury be done—otherwise cases will be tortured in every way and this point become a very prominent one, to be made before this court—and always aside from the merits.

PARSONS, J.—There was no error in admitting the testimony objected to. It is true that the question, whether a partnership existed between two or more, is, after the facts are ascertained, a question of law, but we think that a witness who knows the fact may nevertheless be permitted to say that they are partners. The other party can, however, interrogate him as to the sources of his knowledge, and if it be found that his statement is opinion merely, it may then be rejected. But one, who knows that a partnership does exist, may say so, in so many words, and his testimony cannot be rejected on the ground that he is stating a legal conclusion, or giving his opinion merely. There is nothing in the case of Anderson v. Snow & Co. that is opposed to what we have here said, but on the contrary, we think, that case corroborates the view we have taken.—See 9 Ala. 247.

Nor can we say that the court erred in permitting the witness to state, that McGrew and Harris were very intimate about the time the note was executed. Had there been no other evidence of a partnership, this evidence might have been rejected, but as it was shown that Harris had signed another note in the name of McGrew & Harris, before the execution of the note in question, the validity of which McGrew acknowledged, and continued his intimacy with Harris afterwards, we cannot say that the court erred in admitting the evidence of this intimacy; it may have been a slight circumstance, but nevertheless was admissible.

Let the judgment be affirmed.