BURNETT *vs.* BRANCH BANK AT MOBILE ET AL.

1. Property sent home by a father to his daughter and son-in-law, on their marriage, must be regarded as an advancement, unless at the time a less estate is declared or limited,

2. When slaves are given by a father as an advancement to his daughter on her marriage, and pass into the possession of her husband, his right to them becomes perfect, unless the grantor's intention to exclude his marital rights, at the time the advancement was made, is clearly shown; and this right is not divested, as against his creditors, by his subsequent declarations and admissions in favor of his wife, which do not amount to a settlement to her sole and separate use.

3. If the husband elects to treat slaves, which were sent home as an advancement to the wife by her father on her marriage, as the property of his wife under the will of her father, this might operate, in a controversy between her and her husband's administrator, to vest the title in her in equity; but the husband while living would not thereby be estopped from asserting title in himself, nor would his creditors be prevented, after his death, from subjecting *it* to the payment of his debts.

ERROR to the Chancery Court of Dallas.

Heard before the Hon. JAMES B. CLARK.

This bill was filed by the plaintiff in error to enjoin the Bank from selling under execution at law against John S. Burnett, the husband of complainant, certain slaves, which she alleges belong to her, and were bequeathed by her father, James Hebbin, to her sole and separate use. The Chancellor dismissed the bill upon a hearing, on the merits; and his decree is assigned for error.

GALE & GAYLE, for plaintiff in error, contended, that complainant took a separate estate in the slaves in suit, under the will of her father, and cited 8 Porter 73; 6 Ala. 473; 11 ib. 953; 12 ib. 29, 652, 798; 17 ib. 232; 18 ib. 84.

LAPSLEY & HUNTER, *contra*, submitted the case on the opinion of the Chancellor, as set out in the record.

CHILTON, C. J.—A careful examination of the pleadings and proof has fully satisfied us, that the decree of the Chan-

cellor is correct. It appears, from the proof taken on behalf of Mrs. Burnett, that the slaves Zurrie and Ambra, (the latter being the mother of the others in controversy,) were sent by James Hebbin to her and her husband, John S. Burnett, after their marriage, and before the making of the will under which she now claims; and there is not only a want of proof to show that they were not designed as an advancement by her father, but it is fairly inferable from it that they were; and this inference is strengthened by the will itself, which speaks of advancements made of slaves to the children of the testator. True, one witness testifies, that the title remained in James Hebbin, and that the slaves passed under his will; but these were questions of law, about which he was not competent to testify.

Another witness also testifies, that he always understood they were the separate property of Mrs. Burnett, and that her husband held them as the agent of her trustee, Thomas Burnett; and also, that he heard James Hebbin say they were the negroes of his daughter Martha. Aside from the objectionable character of a portion of this proof, it fails altogether to fix a separate estate in Mrs. Burnett. The intention to exclude the marital rights of the husband, which the law favors, must be made clearly to appear; and there is no evidence which shows that, at the time the advancement was made, there was any intention, on the part of James Hebbin, to exclude his son-in-law. If, then, the slaves were given to the wife, and taken into possession by the husband, his right to them became perfect, and was not divested by his subsequent declarations in favor of the wife, which do not amount to a settlement to her sole and separate use, so as to affect the rights of the husband's creditors.

The will does not purport to convey any title in these slaves, but, as we have said, recognizes the right to them as having previously vested by way of advancement; and we think the proof fails to show, that John S. Burnett has, by any act of his, divested that title out of himself, and vested it in any one for the sole and separate use of his wife. As against his creditors, this proof should be clear and explicit. The authorities cited in the opinion of the Chancellor very clearly establish the position he assumed, and show that this property,

having been sent home by a father to his son-in-law, upon his marriage, must be regarded as an advancement, unless at the time a less estate is declared or limited. Olds v. Powell, 7 Ala. 652; see also Williams v. Maull, 20 ib. 720.

The fact that the husband may have elected to treat these slaves as the property of the wife under the will of her father, might, in a controversy between the wife and the husband's administrator, be received to vest in her the title in a court of equity; but while the husband is living, he retains the power and control over the property, and although he may have elected to hold it as agent of the wife's trustee, this does not prevent him from re-asserting his former title, which was perfect under the advancement, and repudiating any title which, by his mere declarations, he has admitted in favor of the wife. Not being estopped from asserting title in himself, much more should the creditors of the husband be allowed to treat the property as his; otherwise, the husband could, by his declarations, build up an estoppel as against his creditors, while he is left in the full enjoyment and ownership of the property.

We repeat, that the will of James Hebbin confers no separate estate in these slaves, and could have conferred none, as the title had previously vested in the husband of his daughter by the advancement. And as the husband has never conveyed, or attempted to convey any title to them to the sole and separate use of the wife, or otherwise admitted that she held such an interest, he is left the owner of the property, and it is subject to his debts, unless exempt upon grounds not disclosed by the proof in this cause.

Let the decree be affirmed.