# COLE vs. VARNER.

[BILL IN EQIUTY BY FEME COVERT, AGAINST PURCHASER AT EXECUTION SALE AGAINST
HUSBAND, FOR RECOVERY OF SLAVE.]

1. *What witness may state.*—A witness may testify, in general terms, that he "*loaned*" a slave to another person.

2. *Distinction between gift and loan.*—When a father sends a slave home with his newly married daughter and her husband, the law presumes that a gift was intended, unless a different intention is expressed at the time ; or, if a loan is declared, while the father has a positive intention never to exercise the rights of an owner in reference to the slave, the transaction cannot be distinguished from a gift ; but, if a loan is declared, it cannot be converted into a gift, by the mere fact that the father had not then determined whether or not he would permit the slave to remain forever with the bailee.

3. *Declarations against interest, and explanatory of possession.*—The admission of the husband, while in possession of a slave, to the effect that he held under a loan from his wife's father, and was willing that the latter should convey the slave to the wife, are admissible evidence against a purchaser at execution sale against the husband, under a judgment subsequently rendered.

4. *Validity of voluntary conveyance.*—A voluntary conveyance cannot be avoided by a subsequent creditor, without proof of an actual fraudulent intent.

5. *Possession referable to title.*—The possession of a slave by the husband, under a gift from his father-in-law for the sole and separate use of his wife, will be referred to the wife's title, when it is shown that he and his wife were then living together.

6. *Statute of frauds as to proof of gift.*—A voluntary conveyance of a slave, to the sole and separate use of a married woman, is not required to be acknowledged or proved in open court, when it is shown that the possession remained with the husband and wife under the deed.

7. *When wife may come into equity.*—A married woman, whose separate personal property has been sold under execution against her husband, may come into equity for its recovery, where no trustee was appointed by the deed which created her separate estate.

APPEAL from the Chancery Court of Lowndes.

Heard before the Hon. WADE KEYES.

THE bill in this case was filed by Mrs. Susan E. Varner, suing by her next friend, against her husband, William G. Varner, and John M. Cole ; and sought to recover a slave named Milly, whom Mrs. Varner claimed as her separate property, under a deed of gift from her father, John Varner, and whom said Cole had purchased at sheriff's

sale, under execution against said William G. Varner. The bill alleged, that complainant and said William G. Varner were married in Lowndes county, Alabama, in 1837; that her father, shortly after her marriage, loaned her a slave named Sydna, who remained in the possession of her husband and herself, under said loan, until the 12th April, 1842, and, in the meantime, gave birth to the slave now in controversy; that on the 12th April, 1842, said John Varner executed a deed of gift for said slaves, which is made an exhibit to the bill, by which he conveyed them to complainant, for her sole and separate use, during her life, and at her death to her children; that said William G. Varner, at the same time, executed a written instrument, which is also made an exhibit to the bill, and by which he admitted that he held said. slaves under a loan from John Varner, and consented and requested that they should be conveyed by said John ·Varner to complainant and her children; that the slaves remained in the possession of complainant and her husband, under said deed of gift, until some time in the year 1846, when they were levied on by a constable, under sundry executions against said William G. Varner; that the debts on which the judgments were founded, upon which these executions issued, were created long after the 12th April, 1842; that the plaintiffs therein were informed of the nature of complainant's title to the slaves, and indemnified the constable to make the levy; that notice of complainant's title was publicly proclaimed at the sale; that said Cole became the purchaser of the girl Milly, and received possession from the officer. The prayer of the bill was for the recovery of the slave, an account of her hire, and general relief.

The defendant Cole answered, insisting, 1st, that the slave Sydna, the mother of Milly, went into the possession of complainant and her husband, soon after their marriage, as a gift from her father, and not as a loan, and therefore the title vested in her husband; 2d, "that if a loan of said slave was pretended or declared, it was for an indefinite period, and for no specific object, and it is therefore competent to infer that a gift was intended, or

that there was a fraudulent intention to deceive creditors";
3d, "that there was no deed in writing declaring the loan,
and the property having remained in the possession of
said William G. Varner for the space of more than three
years, without demand by the said John Varner, an actual
resumption of the possession of the property was neces-
sary, in order to enable said pretended lender to convey
the title as against even the subsequent creditors of said
William G. Varner"; 4th, "that said pretended convey-
ance from John Varner was not proved and recorded as
required by the statute of frauds"; 5th, "that said pre-
tended conveyance, and also the written instrument
signed by said William G. Varner, are fraudulent and
void"; 6th, "that said pretended conveyance was never
delivered, properly and *bona fide*" ; and, 7th, "that de-
fendant has had the adverse possession of said slave for
more than six years."

On final hearing, on pleadings and proof, the chancellor
rendered a decree for the complainant, which is now
assigned as error by the defendant Cole.

J. F. CLEMENTS, and WATTS, JUDGE & JACKSON, for
appellant, made these points : 1. The slave Sydna, being
sent by John Varner to the house of his daughter, then
recently married, the law presumes that she was intended
as a gift, in the absence of proof of a different intention
publicly declared at the time of delivery.   The subsequent
declarations of the donor cannot be received, to show that
the transaction was intended as a loan ; nor is the testi-
mony of John Varner, admitting its credibility, sufficient
to establish a loan.—Miller v. Eatman, 11 Ala. 609 ; Bur-
nett v. Branch Bank, 22 Ala. 642 ; Hitt & Wade v. Rush,
22 Ala. 563 ; Rumbly v. Stainton, 24 Ala. 712 ; Hill v.
Duke, 6 Ala. 259 ; Norris v. Bradford, 4 Ala. 203 ; Fal-
coner v. Holland, 5 Sm. & Mar. 689 ; Fitzhugh v. Ander-
son, 2 H. & M. 289 ; Torrence v. Graham, 1 Dev. & Bat.
284.

2. The title to the slaves having vested in the husband,
his subsequent admissions, written or verbal, cannot avail
to place the property beyond the reach of his creditors.

Cole v. Varner.

Hill v. Duke, 6 Ala. 259; Hitt & Wade v. Rush, 22 Ala. 563; Burnett v. Branch Bank, 22 Ala. 642.

3. The deed of gift from John Varner derives all its vitality from the consent of William G. Varner, John Varner being the mere conduit for passing the title from William G. to his wife. There being, then, no actual change of possession, and the deed not having been proved or acknowledged in open court, it is void as against subsequent creditors and purchasers.—Foster v. Mitchell, 15 Ala. 571; Sewall v. Glidden, 1 Ala. 52; Peek v. Myers, 2 Ala. 648; Sims v. Sims, 2 Ala. 217; Blakey v. Blakey, 9 Ala. 391; Hunley v. Hunley, 15 Ala. 91.

4. The complainant had an adequate remedy at law, and, therefore, could not come into equity to recover the property.—Colburn v. Broughton, 9 Ala. 351. The cases cited for the appellee, on this point, only decide that she might have filed a bill to enjoin the sale; not that, after permitting the sale to be made, she may recover the property by suit in equity.

BAINE & NESMITH, contra.—1. Equity has jurisdiction of the case made by the bill.—Gerald v. McKenzie, 27 Ala. 169; Michan v. Wyatt, 21 Ala. 813; Crabb v. Thomas, 25 Ala. 216. In Colburn v. Broughton, 9 Ala. 351, cited for appellant, the title of the trustee had not been sold.

2. The testimony of John Varner shows clearly that the slaves were originally loaned by him to his daughter, and were held under the loan until the deed of gift was made in 1842. It was competent for him to testify that he *loaned* the slaves.—Nelson v. Iverson, 24 Ala. 9. The court will presume, in the absence of proof to the contrary, that all the facts necessary to constitute a loan existed.

3. The husband's written admission estops him from denying the loan, and is equally conclusive on a subsequent purchaser from him with notice.—Allen v. Smith, 22 Ala. 424; Pool v. Cummings, 20 Ala. 563; McCravey v. Remson, 19 Ala. 430; Inge v. Murphy, 10 Ala. 885.

4. The execution of the deed of gift by John Varner, before the lien of creditors had attached, was equivalent

HARVARD LAW SCHOOL LIBRARY

to a resumption of the possession by him, and withdrew the property from the influence of the statute of frauds. McCoy v. Odom, 20 Ala. 507; Pharis v. Leachman, 20 Ala. 682.

5. It was not necessary that the deed of gift should be proved in open court, except as against the creditors of John Varner, who are not complaining. Moreover, the property remained with the donee.—McRae v. Pegues, 4 Ala. 165.

6. There is no proof of fraud in the transaction, nor does it appear that the husband was indebted at the time the deed of gift was made.

WALKER, J.—Upon the proof in this case we decide, that the negro woman Sydna went at first into the possession of the complainant and her husband under a loan. That proof consists of the testimony of John Varner, the father of the complainant, from whom the possession passed to her, and of the written admission of William G. Varner, her husband. John Varner testifies, that he loaned the slave to Susan E.; and that she retained possession under the loan, during a period of time which extended up to the making of the deed of gift, in 1842.

It is true that the law presumes a gift, when a father sends home a slave with his newly married daughter. This presumption is disputable, and may be overturned by adequate proof. It certainly would not be rebutted, by proof by the father of an unexpressed intent on his part to make a loan, and not a gift. The father's intention could only impress upon the transaction the character of a loan, when it was intelligibly avowed.—Burnett v. Br. B'k at Mobile, 22 Ala. 642. When the witness states positively, that the transaction was a loan; that he loaned the property to his daughter, and that she possessed it under the loan, we must understand him to mean, not that it was a loan because he had an uncommunicated and secret intention that it should be so; but that he transferred the property by way of loan, and so declared and avowed at the time, and that it was received and held as a loan, and in subordination to his title. The

fact of a loan involves other facts. It is a compound fact. It is distinguishable from a mere conclusion. It is permissible, under the decisions of this court, for a witness to prove, in general terms, that he loaned property.—Nelson v. Iverson, 24 Ala. 9 ; McKenzie v. B'k of Montgomery, 28 Ala. 606 ; Thomas v. De Graffenreid, 17 Ala. 602 ; Graham v. Tucker, 24 Ala. 606 ; Massey v. Walker, 10 Ala. 290 ; Douge v. Pierce, 13 Ala. 127 ; Parker v. Hagerty, 1 Ala. 730 ; Lawson v. Orear, 7 Ala. 784 ; Brice & Co. v. Lyde, at the present term ; McGrew & Harris v. Walker, 17 Ala. 824.

2. We do not understand the cases of Norris v. Bradford, 4 Ala. 203, and Hill v. Duke, 6 Ala. 259, to assert that the mere entertainment by the lender of the idea that, by possibility, he might never resume the possession of the property loaned, would, of itself, convert the loan into a gift. The witness, John Varner, simply proves, that he had come to no definite conclusion, as to whether Mrs. Varner should keep the slaves for ever or not; and that he had no appointed time to take the slave from her. A loan for an indefinite period, and determinable at the will of the lender, may be created ; and that loan can not be converted into a gift, by a disclosure from the lender that he was in an undetermined and unresolved state of mind, upon the question whether he should ever resume the possession of the property.—Gunn v. Barrow, 17 Ala. 747. If the father had a positive intention not at any subsequent time to exercise the rights of an owner in reference to the property, the transaction could not be distinguished from a gift. But that the lender revolved in his mind, and left undecided, the question whether he should not permit the property to remain in the possession of the bailee perpetually, could not absolve the bailee from the obligation resting upon him, as an incident to the bailment, to re-deliver the property to the lender upon his demand ; nor could it, in the absence of fraud, render the property liable to the debts of the bailee, created after the lender had resumed the control of it.

The effect which the pendency of such a loan may have

as to the creditors of the bailee or her husband, being such creditors before the resumption of the control of the property by the lender, is not a question in this case. It does not appear that any of the debts, under which the slave was sold, existed before John Varner resumed his dominion over it by making a voluntary conveyance of it to Mrs. Varner. There are no circumstances in the case, which authorize us to infer the existence of such debts before that conveyance; but the testimony conduces strongly to show, that they did not exist until afterwards. We can not intend, in the absence of proof for the defendant, the facts necessary to sustain the imputation of fraud. That those debts were created subsequently, was alleged in the bill, and not denied in the answer.

3. At the time when John Varner assumed dominion over the property, and exercised that dominion by making an absolute conveyance of it, William G. Varner admitted in writing that the previous holding of the property had been under a loan. At that time, William G. was in possession of the property; his declaration was explanatory of that possession, and was against his interest. This declaration was available as evidence, against one who claimed by subsequent purchase under an execution against him, in favor of a plaintiff whose debt was of subsequent creation.—Barnes & Barnes v. Mobley, 21 Ala. 232. This voluntary declaration corroborates and sustains the evidence of John Varner.

4. There is no evidence of fraud in the transaction. The proof conduces to show, that the dissipation of William G. Varner was the cause of the father's securing the property to the separate use of Mrs. Varner; but it is not shown that William G. Varner, at the time of the conveyance to Mrs. Varner, was at all indebted; nor does it appear that there was any design to defraud any subsequent creditors.

We do not think that the strong evidence of a gift, which is undoubtedly afforded by the continued possession by William G. Varner for four or five years without a resumption of possession by the lender, is sufficient, in the absence of all other evidence of fraud, to rebut the

positive testimony of John Varner, corroborated as it is by the admission of William G. Varner.

5. A decision in this case favorable to the complainant is the necessary result of the conclusion that John Varner, in 1842, made a valid deed of gift of the property to the separate use of Mrs. Varner. After that gift, the law would refer the possession to the title. The husband and wife lived together, and, of necessity, had a community of possession. The law cast upon the husband the office of trustee of the legal title. The slave was not employed by the husband in any manner inconsistent with the trust which the law cast upon him, or with the wife's title. The husband had no possession in opposition to the title of the wife, or distinguishable from possession by him as her husband, and under her title. Under such circumstances, the law refers the possession to the title, because the possession is where it ought to be, if it be under the title.—Joy v. Campbell, 1 Sch. & Lef. 328 ; De Graffenreid v. Thomas, 14 Ala. 681 ; Williams v. Maull, 20 Ala. 721.

6. Referring the possession to the title, Mrs. Varner, the donee, must be regarded as having been in possession from the date of the gift. The possession having, *bona fide*, remained with the donee, it was not necessary, under the statute of frauds, that the deed of gift should be acknowledged and proved in open court.

7. We regard the case of Gerald v. McKenzie, 27 Ala. 169, as settling the question of the complainant's right to maintain this bill. Her husband was her trustee only because the law cast upon him the office. He was not bound by any contract to protect the trust property. The slave which is the subject of suit had been sold under executions against the husband. Under such circumstances, the wife must be allowed at once to come into chancery. The defendant claims under the trustee, and sets up a title in the trustee, adverse to the complainant. In that particular, as well as in the fact that there is no trustee bound to execute the trust and protect the trust property, this case is distinguishable from that of Colburn v. Broughton, 9 Ala. 351.

The decree of the chancellor is affirmed.