# Alabama Securities Co. *v.* Dewey.

## *Assumpsit.*

(Decided June 2, 1908. 47 South. 55.)

1. *Evidence; Conclusion of Witness as to Agency.*—Where plaintiff while testifying to work claimed to have been done by him for defendant company, referred to a certain person, with whom he claimed to have conferred in regard to it, as representing the defendant, there was no error in refusing to exclude the statemnet, on the ground that it was a conclusion of the witness, and because it was not shown that the person in question was not connected with defendant, as the latter could have cross-examined as to the facts on which he based the statement, and shown whether it was warranted.

2. *Corporations; Notice to Corporation; Evidence.*—In an action for services in constructing the roadbed of certain railroads, wherein plaintiff claimed that, although the contract under which the work was done was made with a construction company, it was understood that it was to be performed by defendant, who acted through an agent, one of a syndicate of managers, it was proper to allow proof that two of the managers were president and secretary of defendant, and at the same time were clerks in the railroad companies, of which plaintiff was vice president and general manager, as such fact tended to show that the several companies acted together and that defendant's officers knew that plaintiff was performing the services.

3. *Same; Evidence of Agent's Authority.*—The fact that the alleged agent and others were the syndicate managers, who secured the loans and disbursed the funds in paying for construction work, was properly admitted as a circumstance bearing on the question of his authority.

4. *Evidence; Materiality.*—That testimony is inconclusive and slight does not render it inadmissible.

5. *Corporations; Evidence of Agent's Authority.*—In an action for services in constructing a railroad, wherein it was undisputed that defendant company was having the work done, it was proper to show that the person who employed plaintiff was directing the work, as showing that he was in charge, and his authority in the premises.

6. *Evidence; Conclusion of Witness as to Agency.*—In an action for work claimed to have been done for defendant, acting through an agent who employed plaintiff, testimony of the latter that "no work was ever done by me under instructions from any one else" was not a conclusion as to the agency, but merely as to a fact. which showed only that whatever plaintiff did was under the agent's direction, leaving other testimony to show his authority.

7. *Work and Labor; Construction of Railroads; Evidence as to Agreement to Pay.*—Where plaintiff held office in two railroad companies, whose roads were being built, and sued a third company for

[Alabama Securities Company v. Dewey.]

services in construction, and the evidence conflicted as to whether he was to receive compensation, it was error to exclude evidence as to the salary he received from the railroads.

8. *Trial; Motion to Exclude Evidence; Statement of Grounds; Necessity.*—There is no error in overruling a motion to exclude what a witness said, where no grounds are stated therefor.

9. *Evidence; Value of Services.*—In an action for work and labor, evidence as to the amount paid a third person for the work of supervision is irrelevant to determine what plaintiff is entitled to.

10. *Same.*—Evidence as to the salary of an engineer is inadmissible to show the value of services performed in constructing a railroad, where plaintiff was not shown to be an engineer or doing the work of one.

11. *Same.*—In an action for work and labor, salary received by the plaintiff in other employments at the time they were performed is inadmissible to prove what his services were worth.

12. *Corporations; Notice to Officers; Evidence.*—In an action for services in constructing a railroad, wherein plaintiff claimed that he was employed by one of a syndicate of managers, under authority from defendant company, and defendant claimed that whatever he did was merely as a personal accommodation to the agent in question, and defendant knew nothing thereof, there was no error in admitting a letter from defendant's president to an auditor of one of the railroad companies to show that defendant's president knew that plaintiff was engaged in the work.

13. *Evidence; Admissions; Offer of Settlement.*—In an action for services performed for defendant company in constructing a railroad, it was error to admit a proposition to plaintiff by a certain person to pay him therefor in stock, where it did not appear on its face to be a proposition of settlement, though spoken of as such by plaintiff, and it was not shown that the person making it had any authority to do so.

14. *Witnesses; Contradiction; Documentary Evidence; Laying Predicate Therefor.*—A paper cannot be introduced to contradict a witness, unless a proper predicate is laid therefor.

15. *Evidence; Admissions; Letters; Preliminary Evidence.*—It is error to admit in evidence against defendant company a letter from a third person to plaintiff, where such third person has not been shown to have authority to represent defendant.

16. *Work and Labor; Trial; Instructions.*—In an action for work and labor, an instruction that, if plaintiff rendered valuable services for defendant company's benefit without any agreement as to compensation, he was entitled to recover the reasonable value thereof, if they were rendered at the instance of defendant or some one authorized to act for it, and that he would also be entitled to recover if he rendered them, without an agreement as to compensation, at the instance of a person unauthorized to act for defendant, if the latter knew that the services were rendered for its benefit, and accepted the same without notifying plaintiff that it would not pay therefor, asserts a correct principle of law.

17. *Corporations; Representations by Officers and Agent; Contract of Employment.*—Where by-laws provide that the president has power "to appoint competent persons to act as servants and employes of the company" there was no error in refusing, in an action for services, an instruction based on the assumption that the board of directors alone had authority to manage its business.

18. *Evidence; Burden of Proof; Preponderance of Evidence.*—An instruction in a civil case that the burden of proving every material issue is on plaintiff, and unless it has been met by a preponderance of the evidence it is the jury's duty to find a verdict for defendant, was properly refused.

19. *Corporations; Actions; Trial; Instructions.*—In an action against defendant company for services claimed to have been rendered at the instance of an agent, the court was requested to charge that the authority to manage and control the affairs of defendant was committed by its by-laws to the board of directors, and that one director, though acting in conjunction with one or two of its stockholders, had no authority as such to enter into binding contracts or agreements without authority of its board of directors, and that, if the jury believed no such authority was given to agents named to contract with plaintiff, they should find for defendant. Held, properly refused, as it ignored the liability which would result from ratification, and, besides, if one of the agents was authorized to contract, and did so, as was claimed, it would have been as binding as if made by the three named.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by F. E. Dewy against the Alabama Security Company. From a judgment for plaintiff, defendant appeals. Reversed.

The assignments of error in this case are as follows: "The court erred in the following particulars: (1) In denying the motion of appellant to exclude that portion of the answer of the plaintiff: 'I had conferences of various kinds with Mr. Stratton, representing the Alabama Security Company.' (2) In overruling the objection of appellant to the following questions to the witness Dewy: 'Who was Mr. Sherwood?' 'What was his employment, outside of being president of this company?' (3) In denying the motion of appellant to exclude the answer of the witness Dewy, as follows: 'Mr. Sherwood, at the time of his election as president of the company, was a clerk in the office of the Alabama Secu-

rity Company and the railroad company. Mr. Jones, the secretary and treasurer, was also a clerk in the New York office of the railroad office and the Alabama Security Company.' (4) In overruling the objection of appellant to the question to the witness Dewy: 'What, if any, part did Mr. Stratton take in the management of the affairs of the Alabama Security Company?' (5) In denying the motion to exclude the answer of said wit- ness: 'He directed—he gave all the directions of the security company in connection with the construction of the two roads to me that I ever got. No work was ever done by me under instructions from any one else.' (6) In denying the motion of appellant to exclude the following statement made by the witness Dewy: 'Mr. Stratton, representing the security company.' (7) In overruling the objection of appellant to the following question to the witness Dewy: 'You spoke of Mr. Sher- wood and Mr. Jones being in the railroad office of New York. Was Mr. Stratton in any way connected with that office?' (8) In overruling objection of appellant to the following question to the witness Dewy: 'Was there such a thing as syndicate managers?' (9) And the ques- tion: 'What was syndicate managers?' (10) In deny- ing the motion of appellant to exclude the answer of the witness: 'The syndicate managers are one W. D. Strat- ton, Alexander McDonald, and W. A. Stanton.' (11 and 12) In overruling the objection of appellant to the following question to the witness Dewy: 'What were they?' And the answer thereto: 'They were managers who secured the loans and disbursed the funds under those loans to the security company to pay for the con- struction of the railroad.' (13) In overruling the ob- jection of appellant to the following question to the witness Dewy: 'Who was the active member of the syndicate managers?' (14) In sustaining the objection

of the appellee to the following question to the witness Dewy: 'You were to receive a salary of $7,000 a year as manager of the two railroad properties?' (15) In denying the motion of appellant to exclude the statements of the witness Dewy relative to the Alabama security Company being the successor of the Gulf City Construction Company, as follows: 'I know the Alabama Security Company was the successor of the Gulf City Construction Company. I know that it had a contract; that the Alabama Security Company paid the bill for the construction of the road and received the security. I judge this was by the assignment of the contracts, but I don't know. I never saw any contract in writing between the Alabama Security Company and the Gulf City Construction Company; that is, not the original contract. I have seen copies, but I do not know if they were ever executed. I was not acting under his contract in directing the work and supervising the affairs of the Alabama Security Company, but under an agreement with Mr. Statton, of the security company.' (16) In sustaining the objection of the appellee to the question to the witness Dewy: 'About how much was paid for the work of the two divisions?' (17) In sustaining the objuction of appellee to the question to the witness Jones: 'Are you acquainted with the compensation usually paid engineers engaged in the supervision of the construction of railroads in this section of the country?' (18) In granting the motion of the appellee to rule out so much of the testimony of the witness Jones as undertakes to state the reasonable value of services rendered in supervising the work of railroad construction. (19) And in granting the motion of appellee to exclude the testimony of the witness Jones as to the value of services rendered in the supervision of railroad construction. (20) In sustaining the objection of appellee to the ques-

tion to the witness Cobb: 'Suppose the man in charge of this work was employed as the general manager of both railroads under construction at a reasonable salary; what would you say the work of supervising the work of construction—what would be a fair value for supervising, the work of construction?' (21) In sustaining the objection of appellee to this question to the witness Cobb: 'In saying that the fair value would be $350 monthly, are you estimating, or not, that he was exclusively engaged in this occupation?' (22) In sustaining the objection of appellee to this question to the witness Cobb: 'Assuming that the man in charge of the work of construction, and directing it as I have stated it in the question, was employed in the operation of these two railroads at a salary which he accepted as adequate for his entire time and service what would you say was the value of services rendered in the matter of construction?' (23) In sustaining the objection 'of appellee to this question to the witness Cobb: 'Do you know what these engineers were paid?' (24) In allowing the introduction of the correspondence between Stewart and the Alabama Security Company. (25) In overruling the objection of appellant to the introduction of the written proposition for Mr. Stallo, which is as follows: 'F. E. Dewy has heretofore received from the Alabama Security Company certificate No.____of the capital stock of the Alabama Security Company ,for 98½ shares, in the name of W. D. Stratton, as trustee, which is hereby returned to said company upon the understanding that said Dewey shall have the right at any time and within five years from the rate hereof to purchase the same at the rate of $100 per share and interest at 5 per cent. per annum. This privilege is given to said F. E. Dewy to compensate him for services rendered in supervising on behalf of the Alabama Security Company the con-

struction of the Gulf & Chicago Railroad and the Mobile, Jackson & Kansas City Railroad, and in further compensation for such services as he may render in the future in conneiction therewith; it being the intention of the parties hereto to so compensate Mr. Dewy by giving him the enjoyment of any profit that may be realized by the Alabama Security Company over and above its original investment to the extent the holder of said 98 shares may be entitled to, if he desires to take advantage of the same. The Alabama Security Company agrees to make no distribution of any profits by way of dividend or otherwise on said shares of stock until said F. E. Dewy has purchased the same, or has expressed his waiver of the privilege herein to him accorded.' (26) In overruling the objuction of appellant to the introduction of the letter of W. D. Stratton."

The following charge was given at the request of the appellee: "(1) If the plaintiff rendered valuable services for the defendant's benefit, without any agreement as to compensation, then he is entitled to recover the reasonable value of such services, if such services were rendered at the instance of defendant or some one authorized to act for it. Plaintiff would also be entitled to recover, if he rendered such services without any agreement as to compensation and at the instance of a person not authorized to act for the defendant, if the defendant knew that the services were being rendered for its benifit, and accepted the benefit of such services without notifying plaintiff that it would not pay therefor."

The following charges were refused to appellant: "(A) The court charges the jury that the board of directors alone had authority to manage the business of the defendant company, and that unless you believe from the evidence that said board of directors made a

contract with the plaintiff, or authoriged E. K. Stallo, D. W. Stratton, and Alexander McDonald to make a contract, or after full knowledge of the making of such contract by them ratified the same, you should find a verdict for the defendant. (B) The court charges the jury that the burden of providing every material issue in this case is on the plaintiff, and unless the burden has been met by a preponderance of the evidence it is your duty to find a verdict for defendant. (C) The court charges the jury that the authority to manage and control the affairs of the defendant corporation was committed by its by-laws to the board of directors, and that one director, although acting in conjunction with one or two of its stockholders, had no authority as such to enter into contracts or agreements binding upon said company without the authority of its board of directors, and if you believe from the evidence that no such authority is given to E. K. Stallo, W. D. Stratton, and Alexander McDonald to contract with the plaintiff you should find a verdict for the defendant."

McINTOSH & RICH, for appellant. Witnesses must state facts in proof of agency and not conclusions.— *Goddard & Sons v. Garner Bros.,* 109 Ala. 98; *M. & E. Ry. Co. v. Mullett,* 92 Ala. 215; *Helton v. Ala. Min. Ry.,* 97 Ala. 283; 10 Ency of Evi. 27. The 2nd, 3rd, 7th, 8th, 9th, 10th, 11th, 12th, and 13th assignment of errors relative to evidence and answers thereto, should be sustained. The evidence did not afford even a conjecture or inference concerning the main fact in issue.—*Steen v. Swadley,* 126 Ala. 623; *Brewer v. Watson,* 65 Ala. 97. The 14th assignment of error should be sustained, as well as the 15th and 16th. The witness Jones is qualified to testify as an expert.—*Hopper v. The State,* 109 Ala. 34. The correspondence between Stewart and the

Alabama Security Campany should have been excluded. —*Andrews v. Tucker,* 29 South. 34; *A. & F. R. R. Co. v. Watson,* 42 Ala. 72. The written proposition of settlement from Mr. Stallo, should have been excluded.—1 Green1. on Evi. Sec. 192; *George v. Ross,* 128 Ala. 666. The court erred in giving the charges requested by appellee.—*Manly v. Speary,* 115 Ala. 526; *Simon v.; Johnson,* 16 South. 84. The court erred in refusing charges requested by appellant.—*Ala. Nat. Bank v. O'Neal,* 128 Ala. 192.

GREGORY L. & H. T. SMITH, for appellee. The statement made by the plaintiff that Mr. Stratton was representing the Alabama Securities Company, was not a conclusion but a shorthand rendering in the facts.—*Nelson v. Shelby Mfg. Co.,* 96 Ala. 531; *R. & D. R. R. Co. v. Hammond,* 93 Ala. 185; *Elliott v. Stocks,* 67 Ala. 290. Liability can be fixed upon the defendant by showing that Statton was authorized to incur the liability or that his action was known to the officer of the defendant and acquiesced in by him.—*T. R. Co. v. Cavanaugh,* 93 Ala. 324; s. c. 101 Ala. 1. Besides, the authority of an agent may be shown by circumstances as well as by direct testimony.—128 Ala. 192; 118 Ala. 617; 102 Ala. 236; 101 Ala. 79; 84 Ala. 570. The court is not bound to cast around for a reason for a motion to exclude evidence.—117 Ala. 312; 111 Ala. 303. It was not competent to show how much was paid to the civil engineer for his services.—*Western Ry. Co. v. Lazarus,* 88 Ala. 457. There was no error in plaintiff's objection to the testimony of Stratton that the plaintiff induced the delivery of stock to him by false representation.—*Holmes v. The State,* 136 Ala. 80. The proposition of Stallo was properly admitted, not for the purpose of showing a proposition to compromise but for the purpose of showing an

admission of the distinct fact admitted in the proposition.—*Gibbs v. Wright*, 14 Ala. 465; *Badders v. Davis*, 88 Ala. 367; *Martin v. The State*, 62 Ala. 121. Counsel discuss other assignments of error, but without citation of authority.

SIMPSON, J.—This action was brought by the appellee against the appellant on a common count for work and labor done. The claim of the plaintiff is that the defendant was engaged in the construction of the roadbed of the Mobile, Jackson & Kansas City Railroad and the Gulf & Chicago Railway, and intrusted the actual conduct of the work to W. D. Stratton, who for and on behalf of the defendant employed the plaintiff to supervise and conduct the work on the basis of reasonable compensation. The plaintiff claims that, although the contract under which the work was done was made between said railroad company and the Gulf City Construction Company, yet it was understood by all of the parties that it was really intended to be performed by the defendant company, and that said company acted through and by its agent, W. D. Stratton, who was one of the syndicate of managers who received and disbursed all of the moneys for the defendant, and that the other members of the syndicate, Stallo and McDonald, and Sherwood, the president, and Jones the secretary, of the defendant company, ratified all that was done by said Stratton. The defendant insists that said two railroad-companies were practically owned by the same parties; that plaintiff was elected and employed as vice president and general manager of each of said companies, at a salary of $7,000 per year annum; that the appellent was merely the financial agent of the Gulf City Construction Company, which had the contract for building said railroads, and that whatever services were rendered by the

plaintiff were under a personal agreement between Stratton· and the plaintiff; that the only consideration which plaintiff was to receive was the privilege of purchasing 100 shares of the capital stock; and that the first intimation the defendant had that the plaintiff claimed compensation for his services, or that he sustained any relation to the defendant company which would entitle him to compensation for his services, was the institution of this suit in July, 1905.

The only questions presented for review by the assignments of error arise upon the evidence and charges. The plaintiff, while testifying to the work done by him, was asked, "Did you, or did you not, correspond with the Alabama Security Company in regard to it?" and replied: "I had very little correspondence with them. I had conferences at various times with Mr. Stratton, representing the Alabama Security Company." The defendant moved to exclude this last sentence, "because it was a conclusion of the witness, and because it had not been shown that Mr. Stratton had any connection with the defendant." There was no error in the refusal to exclude this statement. The defendant, could have cross-examined the witness as to the facts upon which he based the statement, and thus shown whether or not he was warranted in saying that Stratton was representing said company. *McGrew & Harris v. Walker,* 17 Ala. 824. For the same reason there was no error in refusing to exclude the further statement, made by said witness, that "Mr. Stratton representing the securities," etc. The witness had testified that Sherwood was the president and Jones the treasurer of the defendant corporation.

Referring to assignments 2, 3, and 7: It was proper to allow proof as to the fact that Sherwood and Jones held offices as president and secretary of the defendant

[Alabama Securities Company v. Dewey.]

company, and at the same time were clerks in the railroad companies of which the plaintiff was vice president and general manager. These were circumstances which properly went to the jury. The fact that parties were thus intimately associated, through a slight circumstance, yet, in connection with other facts, might have a tendency to show that the several companies were acting in unison, and that said officers of defendant company had notice of the fact that the plaintiff was performing the services claimed. The fact that Stratton and others were the "syndicate managers," who secured the loans and disbursed the funds in paying for the work of construction, was properly admitted as a circumstance bearing upon the question as to whether Stratton was in such a position as to be authorized to select the persons to do or overlook the work, and to whom the money of the company should be paid for services rendered in the prosecution of the work. The fact that said testimony was inconclusive and slight did not render it inadmissible.

In order that the jury might judge, from all of the evidence, whether Stratton had employed plaintiff, whether he had authority so to do, and whether plaintiff did the work, it was proper to show to the jury just what were the relations between the parties. (Assignments 8 to 13.)

Assignment 5: There was no error in refusing to exclude the testimony of the effect that Stratton was directing, and gave all the directions which were given in, the prosecution of the work. There was no controversy about the fact that the security company was having the work of construction done. In doing this work it could only act through some agent, and if all the directions which were given to any were given by Stratton this fact was persuasive to show that he was in charge

of the business on the part of the defendant. The nature of the business which he was doing openly and alone might aid the jury in ascertaining what he was authorized to do, in the absence of direct testimony on that subject. The expression, "No work was ever done by me under instructions from any one else," was not testifying to a conclusion as to the agency of Stratton, but merely as to a fact, which showed only that whatever plaintiff did was under the direction of Stratton, leaving it for other testimony to establish the additional fact that Stratton had the authority to employ him.

As the plaintiff held office in the two railroad companies whose roads were being built, and there was a conflict in the evidence as to whether he was to receive compensation for the services which he claimed to have rendered in and about the construction work, it was proper to allow proof as to the salary which he received from the railroads, as a circumstance to aid the jury in arriving at a conclusion. The court erred excluding this evidence.

Assignment 15.: There was no error in overruling the motion to exclude what the plaintiff, as a witness, said about the Alabama Security Company being the successor of the construction company, as no grounds were stated for the motion.—*Landman v. Bloomer,* 117 Ala. 312, 23 South. 75; *Larkin v. Baty,* 111 Ala. 303, 18 South. 666.

Assignment 16: The amount that was paid to A. N. Bullitt for the work of supervising by him was irrelevant to the issues in this case. The amount that was paid him furnished no criterion for judging what amount the plaintiff was entitled to. Said testimony was properly excluded.—*Western Ry. Co. v. Lazarus,* 88 Ala. 457, 6 South. 877.

The testimony of the witness H. S. Jones was properly excluded. The plaintiff was not shown to be an engineer, or doing the work of an engineer; hence the salary of an engineer was no criterion for the value of his services. Besides, the witness stated that the sole basis for his opinion was that "certain bankers and brokers who finance different corporations employ expert engineers by the month. These supervise from three to five railroads. Their time is continually occupied, and their compensation runs from $400 to $700 per month." The witness did not show any knowledge of what is the customary compensation for a man in the position of the plaintiff, doing the service which plaintiff claims to have done.

Assignments 20, 21, and 22: The objections to questions to the witness Cobb, referred to in these assignments, were properly sustained. If the plaintiff was entitled to compensation for serviies rendered as claimed, the measure of his compensation should be fixed by the value of the services, without regard to any salary which he might be receiving in any other official position. The jury were not charged with the duty of adjusting the equities between the various employments which the plaintiff enjoyed, but merely to ascertain what the services rendered in this particular employment were worth.

Assignment 23: The court properly sustained the objection to the question to the witness Cobb as to what salaries the engineers of the Mobile, Jackson & Kansas City Railroad received, as that was not relevant to the issue as to what the services of the plaintiff were worth.

Assignment 24: There was no error in admitting the letter from Sherwood, who was president of the defendant company, to Stewart, who was auditor of the Mobile, Jackson & Kansas City Railroad. Counsel stated, in

offering it, that it was for the purpose of showing that the president of the defendant company knew that plaintiff was engaged in the work. As thus limited, it was proper. While the plaintiff claimed that he was employed by Stratton (one of the syndicate managers) under authority from the defendant, the defendant claimed that whatever he did was merely as a personal accommodation to Stratton, and that the defendant knew nothing of the services rendered. This letter was properly admitted, as an admission on the part of the president of the defendant company that he knew of the arrangement with the plaintiff.

Assignment 25: There was error in admitting the proposition of Stallo. While it is spoken of by the plaintiff as a proposition of settlement, it does not on its face bear that appearance; but, if it was presented to the plaintiff as a proposition of settlement, yet it is not shown that Stello had any authority to make it. The plaintiff had stated that the arrangement for him to supervise the work was made by Mr. Stratton, and approved by McDonald and Stallo; but there is no proof that Stallo occupied any official position in the defendant company. If this paper was sought to be introduced in order to contradict Stallo, in addition to the fact that no proper predicate was laid for introducing the paper, it does not contain any contradiction of what Stallo testified to, as he did not deny knowledge of the fact that the plaintiff did the work, but stated only that he did not have any part in making the arrangement with the plaintiff.

Assignment 26: The court erred in admitting the letter of Stratton to plaintiff. Stratton had not been shown to have any authority to represent the defendant company. On the contrary, Sherwood swore that he himself was president, and that Stratton did not hold

any office in the company, or have anything to do with its business management. Moreover, this letter does not purport to be written by Stratton in behalf of the defendant company. Stratton and the plaintiff were both officers of another company (the Mobile, Jackson & Kansas City Railroad Company), and this letter is addressed to the plaintiff as vice president and general manager of that company, and is signed by Stratton as "President" (evidently of the same company).

Charge No. 1, given at the request of the plaintiff, asserts a correct principle of law, and there was no error in giving it. If the defendant had considered it misleading, owing to the particular facts of this case, under which the defendant may have supposed that the plaintiff was merely acting on his authority as an officer of the railroad companies, an explanatory charge might have been asked.

There was no error in the refusal to give charge A, requested by defendant. The by-laws of the company provide that the president has power "to appoint competent persons to act as servants and employes of the company."

Charge B was properly refused.—*Arndt v. City of Cullman*, 132 Ala. 552, 31 South. 478, 90 Am. Rep. 922.

Charge C was properly refused. It ignored the liability which would result from ratification. Besides, if Stratton alone had authority to make the contract, and did make it, it would have been as binding as if made by the three named.

There was no error in refusing to give the general charge in favor of the defendant.

The judgment of the court is reversed, and the cause remanded.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.