(127 So. 786)

### SCHWARZ v. LOU–ALA INV. CO.
### 1 Div. 908.

Court of Appeals of Alabama.
Feb. 18, 1930.

Rehearing Denied April 15, 1930.

Smith & Johnson, of Mobile, for appellant.

Outlaw & Kilborn, of Mobile, for appellee.

**BRICKEN, P. J.**

Appellant, Samuel L. Schwarz, brought suit against appellee claiming the sum of $5,000 for work and labor done for appellee by appellant. He recovered judgment in the sum of $500 only, and being dissatisfied therewith, he (plaintiff) appealed to this court.

The complaint contained two counts, and in support thereof plaintiff offered testimony to the effect that the defendant corporation had purchased a piece of property on Government street in the city of Mobile, and had employed this appellant (plaintiff) to make a subdivision out of said property; that the plaintiff was to divide the property by putting a street through the center of it which would make about thirty-one lots, and the plaintiff was to sell the property as he could; that as compensation he was to receive 12 per cent. of the selling price of these lots. He (plaintiff) testified, and this appears to be without dispute, that pursuant to the understanding and agreement, he proceeded to supervise the construction of the subdivision; he had the property surveyed and laid off into lots; he arranged to have the street, which was cut through the center of the property, paved, sewers laid, water pipes installed, gas pipes installed, street lights erected, and shrubbery planted. Plaintiff also testified that in order to make the lots more salable, the defendant employed him to construct a house, according to plans submitted by the plaintiff to the defendant, and approved by the defendant, and that the house was erected under the supervision and direction of the plaintiff. There is some mention by the plaintiff that he advertised the Costello property, interested several people in it and took them out, showed them the property, and that he had the property for

sale for the defendant until it was sold by one Mr. Rolston. There was no claim made by the plaintiff for any services rendered in connection with any property other than the Park Terrace property, unless his testimony that he advertised the Costello property and took several people out to see it may be construed as claim for services in connection with this property.

On cross-examination of plaintiff by defendant he was asked: "Now what amount of money did you receive during the period of your employment by the Lou-Ala Investment Company, through sales that you made for them, and through leases you procured for them?" The plaintiff objected to this question, and the court overruled the objection. The plaintiff answered that he had earned a commission of 5 per cent. on a piece of property on Lawrence and Dauphin streets which he sold for the defendant for $20,000. This property was not in any way connected with Park Terrace, and the plaintiff in this suit made no claim for compensation for services in connection therewith, but admitted that he had been paid the regular compensation of 5 per cent. Notwithstanding this, the court permitted the testimony to be introduced over plaintiff's objection, and further permitted the defendant's attorney to question plaintiff with reference to other transactions for the defendant by which plaintiff had earned and been paid commissions. The amounts paid the plaintiff in connection with these other transactions, we think, had nothing to do with the services for which he was claiming compensation in this suit, and the tendency of this foreign matter was to prejudice the plaintiff's case with the jury by showing he had earned and been paid large fees by the defendant. We are of the opinion this would naturally tend to induce the jury to reduce or minimize the plaintiff's compensation for services rendered with the Park Terrace property, the subject-matter of this suit. In the case of Alabama Securities Co. v. Dewey, 156 Ala. 530, 47 So. 55, 59, the Supreme Court held this is not permissible. In that case the court said: "The objections to questions to the witness Cobb, referred to in these assignments, were properly sustained. If the plaintiff was entitled to compensation for services rendered as claimed, the measure of his compensation should be fixed by the value of the services, without regard to any salary which he might be receiving in any other official position. The jury were not charged with the duty of adjusting the equities between the various employments which the plaintiff enjoyed, but merely to ascertain what the services rendered in this particular employment were worth."

We are of the opinion, and therefore so hold, that it was prejudicial error to require plaintiff to give testimony as to compensation he had earned and received from the defendant for services rendered in connection with the sale of property for which there was no claim being made in this suit.

The defendant's president, a Mr. Latter, was allowed to testify, over the plaintiff's objection and exception, that he and an associate had, during the past few years, invested in the city of Mobile over a million and a half dollars. It was stated that the purpose for which this testimony was introduced was to qualify the witness as an expert on the value of services. We do not think that the amount of money that the witness and associate had invested would tend to qualify him as an expert as to the matter involved here, that of services in laying out a subdivision in the city of Mobile. The witness did not claim to have ever laid out a subdivision in Mobile, or that he had invested in any other subdivision in Mobile. We do not think the fact that he and an associate had spent a million and a half dollars in investments in the business section would in any way tend to qualify the witness as an expert upon the value of services rendered in constructing a subdivision in the residential section of the city. The tendency and effect of this testimony would only be to prejudice the jury in favor of the defendant by reason of the fact that the defendant was bringing large sums of money to the city. We are of the opinion that the admission of this testimony was prejudicial and erroneous.

There are numerous assignments of error with reference to other testimony admitted in evidence over the objection of the plaintiff which the court does not deem necessary to discuss.

At the request of defendant the court gave the following charge: "The court charges the jury that if they believe the evidence in this case, the defendant had a right at any time to revoke the plaintiff's employment on its behalf."

It is true that where there is a simple agency to sell property for which there is no consideration, or where the agency is not coupled in interest, the owner may at any time revoke the authority to sell. Cronin v. American Securities Co., 163 Ala. 533, 50 So. 915, 136 Am. St. Rep. 88.

However, in this case it appears the plaintiff rendered considerable services in supervising and directing the construction of the subdivision called Park Terrace, and the testimony on behalf of the plaintiff is that in consideration of the services he was to be allowed to sell the lots and receive a commission of 12 per cent. Although the owner has the power to revoke an executory contract, this does not give the owner a *right* to do so,

as stated in .the charge, and when the owner revokes a contract of this nature after having received the services of the plaintiff, he becomes responsible to the plaintiff at least for the value of these services.

In the case of Cooper et al. v. Cooper, 206 Ala. 519, 91 So. 82, 83, the Supreme Court said: "The right and power of revocation by the principal, which may be exercised at pleasure * * * is 'based on the theory that one making a conveyance of land may create an executory interest in favor of himself as well as in favor of another' * * * unless the power be coupled with an interest in the land *or founded on a valuable consideration,* or is part of a security, where such power is irrevocable whether so expressed or not."

In 2 Corpus Juris, p. 527, par. 151, it is pointed out that the principal has the power to revoke an executory contract, but it may be a wrongful revocation for which the owner becomes responsible for a breach of the contract. The charge above quoted and under discussion confuses the *power* to revoke an executory contract or agency with the *right* to revoke.

■ The court also gave the following written charge requested by the defendant: "The court charges the jury if they are reasonably satisfied from the evidence that the work and labor done and services rendered by plaintiff for defendant in connection with Park Terrace property, was done under and pursuant to an agreement between plaintiff and defendant, that plaintiff would make no charge therefor, then plaintiff would not be entitled to recover for such services."

Although the plaintiff might have agreed not to make any special charges for his services in constructing the subdivision of Park Terrace, nevertheless, according to the plaintiff's testimony, in consideration of his supervising the construction of Park Terrace he was to be allowed to sell all of the lots and received an extra large commission to cover both his services in constructing the subdivision, and selling the property.

After having accepted the benefit of the plaintiff's services in supervising the construction of the subdivision, the defendant could not revoke the contract and thereby retain the benefits of plaintiff's services without properly compensating him therefor. Handley et al. v. Shaffer, 177 Ala. 636, 655, 59 So. 286.

The rulings of the circuit court not being in harmony with the views herein expressed upon the points of decision involved, the judgment of that court is reversed, and the cause remanded.

Reversed and remanded.